(No. 14814.—Judgment reversed.)

THE STROMBERG MOTOR DEVICE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS NORDSTROM, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*what essential to right to review under paragraph (h) of section 19.* Before there can be a review under paragraph (*h*) of section 19 of the Compensation act as to whether the disability has recurred, increased or diminished there must have been a previous agreement or award for compensation, and before there can be an agreement or award it must be admitted by the employer or determined by the Industrial Commission that the employee's disability was one arising out of an industrial accident.

2. SAME—*when decision that disability is not result of accident is res judicata.* Where the Industrial Commission has determined, after a hearing, that the disability of which the employee complains is not a result of the accidental injury which he received and no attempt is made to modify, reverse or set aside that decision, the commission has no authority to review the decision under paragraph (*h*) of section 19 of the Compensation act on the ground that the disability has increased or recurred.

3. SAME—*what cannot be gone into on review under paragraph (h) of section 19.* On review under paragraph (*h*) of section 19 of the Compensation act to determine whether the disability has increased or decreased, the facts concerning the injury and its extent, as determined when the award was made, cannot be gone into.

4. SAME—*what constitutes period of temporary total incapacity.* The period of temporary total incapacity is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury, and when followed by permanent disability it exists until the injured workman is as far restored as the permanent character of the injuries will permit.

5. SAME—*commission cannot speculate as to how long temporary total incapacity will continue.* The Industrial Commission is not authorized to speculate as to how long in the future temporary total incapacity will continue, and an award for temporary total incapacity requiring weekly payments for a fixed period extending more than five years in the future cannot be sustained.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

BULKLEY, MORE & TALLMADGE, for plaintiff in error.

SAMUEL J. ANDALMAN, (GEORGE A. SCHNEIDER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Louis Nordstrom, while in the employ of the Stromberg Motor Device Company, sustained an injury February 11, 1920, which resulted in an infection of the right axillary gland. It was agreed between the parties that Nordstrom was temporarily totally incapacitated for a period of seventeen weeks, and compensation was paid accordingly. There arose between the parties a dispute as to the nature and extent of the disability resulting from the injury, Nordstrom contending that a diseased condition of his right wrist was due to an infection from the infected axillary gland, and plaintiff in error contending that the condition of the wrist was due to causes wholly foreign to the injury. A hearing was had before the Industrial Commission, and the commission after considering the evidence submitted, including a report by the commission's physician, decided June 29, 1920, that Nordstrom was injured February 11, 1920, the injury resulting in a swelling in the region of the right axilla, and found that the disability suffered by Nordstrom because of the diseased condition of his wrist was not due to the injuries received by him and awarded no compensation. There was no attempt to review this decision in the manner provided by the Workmen's Compensation act and the decision therefore became final. On August 20, 1920, Nordstrom filed a petition with the commission seeking a review of the decision previously rendered, under the provisions of paragraph (*h*) of section 19 of the act. This

petition alleges that compensation had theretofore been paid for a period of seventeen weeks; that these payments ceased when the commission ruled on June 29 that no compensation was due; that this decision of the commission was erroneous, and that the disability suffered by Nordstrom had, subsequently to June 29, recurred, and asked that upon a hearing upon review compensation payments theretofore made by agreement be re-established. December 31, 1920, the commission entered its decision finding that the disability to the wrist is the result of an infection which developed in the axillary gland on or about February 11, 1920; that the disability recurred and increased on August 20, 1920, and as a result of said recurrence and increase Nordstrom will be temporarily totally incapacitated for work for a period of 277⅔ weeks. It ordered plaintiff in error to pay Nordstrom compensation at the rate of $12 a week for said period. This decision was confirmed by the circuit court of Cook county, and this writ of error is prosecuted to review that judgment.

The first point presented for decision by the record before us is whether the Industrial Commission had a right to review its first decision, which has never been modified, reversed or set aside, and which stands as a final determination of the questions presented for decision in that proceeding. This question must be answered by a consideration of the provisions of paragraph (h) of section 19 of the Workmen's Compensation act. That paragraph provides that "an agreement or award under this act, providing for compensation in installments, may * * * be reviewed by the Industrial Commission * * * on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-established, increased, diminished or ended." (Laws of 1919, p. 549.) The language of this paragraph is clear and unambiguous, and there seems to be no reasonable ground for a difference of opinion as

to the meaning of the language used. Where the employer and employee have agreed upon the amount of compensation due and compensation has been paid accordingly, or where, on disagreement, an award has been made by the Industrial Commission providing for compensation in installments, either the employer or the employee may, at any time within eighteen months after such agreement or award, have a further hearing with respect to the amount of compensation to be paid. Before a hearing can be had under paragraph (*h*) there must have been a previous agreement or award. Before there can be an agreement or award it must be admitted by the employer or determined by the commission that the disability for which the employee claims compensation was a disability arising out of an industrial accident. If it is established, by agreement or otherwise, that the disability of which the employee complains resulted from an injury occurring within the scope of the act but the commission decides that the disability has ended and that no further compensation is due, this decision can be reviewed under paragraph (*h*) at the instance of the employee, and if the commission finds from evidence submitted on the question that the disability has recurred, the commission may re-establish compensation payments. On such a review the sole question to be determined is whether the disability has recurred since the time of the former agreement or award. The agreement or award constitutes a final adjudication upon all matters in dispute up to the time of the agreement or the time of the hearing at which the award was made. Upon a review under paragraph (*h*) the parties are bound by the agreement, or by the proof made as to the injuries received and the disability which ensued on the hearing which resulted in making the award. It is not proper upon such review to go again into the facts regarding the injury and the disability which ensued, as those matters have been finally deter-

mined. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 120.)   In the case at bar the commission did not decide that the disability resulting from the diseased wrist resulted from the industrial accident and that compensation was no longer payable because the disability had ended, but it decided that the diseased condition of the wrist was not due to the injury received. The question before the commission on the first hearing was the nature and extent of the disability resulting from the injury received February 11, 1920, and the commission having determined that the disability of which the employee complained was not a result of the injury, and no attempt having been made to modify, reverse or set aside that decision, the decision has become *res judicata,* and the commission had no authority under the statute, on a subsequent hearing, to review or set aside that decision. (*Centralia Coal Co.* v. *Industrial Com.* 297 Ill. 451.)   Having determined on the former hearing that there was no disability resulting from an industrial accident, there was nothing for the commission to review under the provisions of paragraph (*h*) of section 19. (*Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366.)   Whether the diseased condition of the wrist has increased since the former hearing is immaterial, for the reason that it has been finally decided by the commission that the condition of the wrist is not due to an injury arising out of and in the course of Nordstrom's employment.

Another question presented by this record is whether the commission has authority to forecast the probable length of the period of temporary total incapacity.   Paragraph (*b*) of section 8 of the act provides that compensation may be paid for temporary total incapacity, and that the payments may continue as long as the condition lasts but not after the amount of compensation paid equals the amount which would have been payable as a death benefit if the employee had died as a result of the injury.   By agreement Nord-

strom had been paid $12 a week for seventeen weeks, and by the present award he is to receive $12 a week for a further period of 277⅔ weeks, making the total amount to be paid $3536, or $36 more than the amount payable for an injury resulting in death, and so the award cannot stand for that reason. We have heretofore said that the period of temporary total incapacity is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury. It might be described as the period of the healing process. Temporary, as distinguished from permanent, disability is a condition that exists until an injured workman is as far restored as the permanent character of the injuries will permit. (*Mt. Olive Coal Co. v. Industrial Com.* 295 Ill. 429.) In this case the commission has decided that the period of temporary total incapacity for an injury occurring February 11, 1920, began August 20, 1920,—more than six months after the injury. The commission has also forecast that this temporary period during which Nordstrom will be totally incapacitated will extend until December 17, 1925, and that on that day he will suddenly fully and completely recover and be free from any disability. Just how the commission or the circuit court can look into the future for five and one-third years and determine to the fraction of a week when the temporary total incapacity of Nordstrom to work will cease is something we are unable to comprehend. Neither the commission nor the courts are authorized to speculate as to the probable result of an industrial accident. The length of the period of temporary total incapacity can only be determined when that period ends, and the act does not authorize the commission or the courts to prophesy that end.

For the reasons indicated the judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*