CATHERINE ASLUND, RESPONDENT, v. BECKER CON-
STRUCTION COMPANY, APPELLANT.

Submitted February 14, 1930—Decided October 20, 1930.

This was an appeal from the judgment of the Supreme
Court directing that compensation awarded to Oscar Aslund
in his lifetime should become immediately due for the entire
amount of compensation, in which case the following was
delivered:

GUMMERE, CHIEF JUSTICE. "My consideration of the
application of Catherine Aslund for an order directing that
the balance of compensation fixed by the workmen's com-
pensation bureau in the case of her husband, Oscar Aslund,
against his employer, the Becker Construction Company,
be forthwith paid, leads me to the conclusion that it should
be granted.

"The judgment of the bureau was never appealed from
by the employer. It was regularly docketed in the Court of
Common Pleas and afterward in the Supreme Court. Under
section 11 of the act of 1911, the judgment is conclusive
unless appealed or reopened by the workmen's compensation
bureau. The refusal of the bureau to consider the applica-
tion of the employer to reopen the judgment, and the sub-
sequent refusal of the Court of Common Pleas to review this
action of the bureau, left the judgment in full force and
effect. If the employer was dissatisfied with the action of
these two tribunals, it should have applied to the Supreme
Court for a review of such action, and this the employer has
not seen fit to do. The judgment being in full force and
effect, the decision of the court in *Cohen* v. *Slavin,* 1 *N. J.
Mis. R.* 621, is controlling upon me in determining the
present application.

"The matters set up by the employer as a bar to the
apportionment of the judgment cannot be considered on this
application, in view of the statutory provision referred to

(section 11 of the act of 1918), which makes the judgment conclusive under the conditions existing in the present case. If the employer desires to raise the question as to whether these matters are a bar, it should do it by an independent litigation.

"The application to adjudge the whole amount to be presently due is granted."

For the appellant, *Turner & Stalter*.

For the respondent, *Henry Carless*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Chief Justice Gummere in the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.

*For reversal*—None.