## TEXAS INDEMNITY INS. CO. v. DILL et al.

### No. 899.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1931.

Rehearing Denied Nov. 6, 1931.

Conner & McRae, of Eastland, for appellant.

Grisham Brothers, of Eastland, for appellees.

HICKMAN, C. J.

This suit was instituted by appellee Mrs. Johnnie G. Dill, for herself and as next friend for her minor children, to set aside an award of the Industrial Accident Board on a claim for compensation on account of the death of Homer Ike Dill, her husband and the father of her minor children. It was alleged that Magnolia Petroleum Company was the employer and appellant the compensation insurer. Judgment was for compensation for 360 weeks at $13.33 per week, with interest and costs.

We have concluded that there is one controlling issue presented necessitating that judgment be rendered for appellant, and shall discuss that question only. It arises upon the answers of the jury to special issues Nos. 8 and 9, as follows:

"Special Issue No. 8: Did Homer I. Dill sustain his injuries while in a state of intoxication?

"Special Issue No. 9: If you have answered the foregoing issue 'No,' then you need not answer the following special issue, but if you have answered it 'Yes,' then answer the following issue:

"Did the intoxication of Homer I. Dill contribute to the injuries resulting in the death of Homer I. Dill?"

Issue No. 8 was answered "Yes," and issue No. 9 was answered "No." The sufficiency of the evidence to support these answers is not challenged by either party. Appellant's contention is that, upon the answer to special issue No. 8, judgment should have been rendered in its favor without regard to the answer to special issue No. 9.

The Workmen's Compensation Law, article 8309, § 1, second subsec. 3, R. S. 1925, provides: "The term 'injury sustained in the course of employment,' as used in this law, shall not include:  *  *  *  (3) An injury received while in a state of intoxication."

This is wholly a statutory proceeding. It is being prosecuted under the Workmen's Compensation Law. That law provides, in article 8307, § 5, R. S. 1925 (as amended by Acts 1927, c. 223, § 1 [Vernon's Ann. Civ. St. art. 8307, § 5]), that, whenever a suit is brought thereunder, "the rights and liability of the parties thereto shall be determined

by the provisions of this law." This would necessarily be true, even though the act itself had not so declared, for the proceeding is a stranger to the common law, and can derive no aid therefrom. Since whatever rights appellees have were created by this law, they must also be measured thereby. By article 8306, § 3b, it is provided that: "If an employee * * * sustains an injury in the course of his employment, he shall be paid compensation. * * *" This provision brings within the application of the law employees who sustain injuries in the course of their employment, and excludes therefrom employees whose injuries were not so sustained. The jury has found upon evidence, the sufficiency of which is not challenged, that the deceased sustained the injuries from which he died while he was in a state of intoxication. The plain unambiguous provision of the statute first above quoted is that an injury received by an employee while in a state of intoxication is not included in the term "injuries sustained in the course of employment." The conclusion is inescapable that the deceased did not sustain his injuries in the course of his employment, and that, since compensation is provided for those employees only who do so sustain injuries, had his injuries not proved fatal, he would not have been entitled to compensation. For the same reason his beneficiaries are excluded, for it is provided by article 8309, § 1, second subsec. 4, that: "Any reference to an employee herein who has been injured shall, when the employee is dead, also include the legal beneficiaries. * * *"

■ The rule of liberal construction to carry out the beneficent purposes of this legislation does not operate to change the conclusion above announced. That rule is properly applied when there exists an ambiguity or uncertainty. But the statutes above quoted are not ambiguous or uncertain. There is nothing to construe. Were there any other provisions of the entire act which in any manner conflict with the provisions above quoted, then an ambiguity would arise, and we would be authorized to construe the act as a whole, in the light of the rule above referred to. But we are unable to find any provision of the entire Workmen's Compensation Law which even tends to create an ambiguity with reference to whether an employee is in the course of his employment while in a state of intoxication. The subject of intoxication is mentioned in article 8306, § 1, subsec. 3. That article has to do with actions to recover damages for personal injuries. We are not called on to construe that subsection in this case, but we have considered it carefully, and can find nothing therein contained in conflict with the provision here under consideration or that would tend to create an ambiguity with reference thereto.

■ The court should not have submitted special issue No. 9. Proximate cause, as applicable to negligence cases under the common law, has no place in the Workmen's Compensation Law. Since that issue was immaterial, the jury's answer thereto was likewise immaterial, and should have been disregarded.

We have not overlooked the cases of Hartford Accident & Indemnity Co. v. Durham (Tex. Civ. App.) 222 S. W. 275, and Employers' Casualty Co. v. Watson (Tex. Civ. App.) 32 S.W.(2d) 927. These cases have been carefully considered, but we find ourselves unable to agree with them in so far as they deal with the question involved in this case. To our minds, the effect of those opinions is to add a provision to the Workmen's Compensation Law which the Legislature did not see fit to place therein.

■ There would be no justification for remanding this cause for another trial. As above noted, the jury's finding in answer to special issue No. 8 is unchallenged. It therefore becomes our duty to render here the judgment which, in our opinion, the trial court should have rendered.

We accordingly order that the judgment of the trial court be reversed and judgment here rendered for appellant.