(No. 22821.—)
THE LEWIN METALS CORPORATION, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(SADA JACKSON,
Defendant in Error.)

*Opinion filed April 17, 1935—Rehearing denied June 6, 1935.*

ANGERSTEIN, PIGGOTT & ANGERSTEIN, and A. B. FREY,
for plaintiff in error.

FRANK M. SUMMERS, for defendant in error.

Mr. JUSTICE HERRICK delivered the opinion of the court:

On September 4, 1931, Sam Jackson, an employee of
the Lewin Metals Corporation, (hereinafter called the de-
fendant,) filed with the Industrial Commission an applica-
tion for adjustment of his claim against the defendant,
alleging, in substance, that on May 24, 1931, he sustained

an accidental injury, namely, lead poisoning, arising out of and in the course of his employment. He claimed medical expenses and compensation for temporary total disability and for permanent total disability. The cause was heard before an arbitrator. On October 5, 1931, the arbitrator entered a decision or award finding that Sam Jackson was not entitled to compensation, that his disability did not result from an injury arising out of and in the course of his employment, and that the sum of $110.79 had been paid on account of said alleged injury. The report was filed with the Industrial Commission, and on October 16, 1931, the commission gave the statutory notice to the employee and to the defendant of the arbitrator's decision, and that unless a petition for review was filed as provided by the statute the decision of the arbitrator would be entered of record by the commission. No petition for review having been filed, the decision of the arbitrator was duly entered of record by the Industrial Commission.

Sam Jackson died on May 24, 1932. On June 20, 1932, Sada Jackson, widow of Sam Jackson and herein called the petitioner, filed with the Industrial Commission her application for compensation against the defendant, alleging, in substance, that on June 1, 1931, Sam Jackson received an injury by reason of an accident arising out of and in the course of his employment by the Lewin Metals Corporation, and that said accidental injury was that he contracted lead poisoning, which resulted in his death.

On the hearing before the arbitrator the defendant objected to the jurisdiction of the arbitrator on the ground of want of jurisdiction; that there had been a final adjudication by the Industrial Commission, in the lifetime of Sam Jackson, that he did not sustain an injury by way of lead poisoning while in the employ of the defendant, that such finding was and is binding upon his dependents, and that such matter is *res judicata*. The arbitrator proceeded to a hearing and found that the relation of employer and

employee did not exist between the deceased and the defendant on June 1, 1931, as alleged in the petition for adjustment of the claim by the widow, and disallowed the claim. The cause was then taken before the Industrial Commission and was there heard. The same objections of want of jurisdiction and *res judicata* were made by the defendant on the hearing before the commission as were made before the arbitrator.

The evidence is not clear as to the exact date on which the deceased last worked for the defendant. It was either May 14 or May 24, 1931. It is undisputed that he never worked for the defendant after the 24th of May, 1931, and that the relation of employer and employee did not exist at any time after May 24. On the part of the petitioner there was evidence tending to prove that the deceased did suffer from lead poisoning, while on the part of the defendant there was evidence tending to prove that he did not suffer from lead poisoning but that he died of miliary tuberculosis, commonly called "galloping consumption," which was not occasioned by lead poisoning but from a cause wholly unconnected with the duties of the deceased while in the employ of the defendant. There was no contradiction in the record that the alleged injury, lead poisoning, asserted as the cause of action in the petitioner's claim for adjustment, although alleged at a different date, is the identical and same cause of action claimed in the petition for adjustment filed by the deceased in his lifetime and on the hearing on which the arbitrator found the issues against the deceased.

The commission reversed the award of the arbitrator, found that the deceased had been in the employ of the defendant for a year prior to May 24, 1931, contracted lead poisoning arising out of and in the course of his employment on May 24, 1931, which resulted in his death, and awarded compensation to the petitioner in the amount of $7.50 a week for 406 weeks and one week at $2.04. The

cause was taken before the circuit court of St. Clair county on writ of *certiorari.* That court confirmed the award of the commission, with the correction of the amount of $7.50 a week for a period of 391 weeks and one week at $3.75, beginning May 25, 1932, less a credit of $110.79 for compensation paid to the deceased employee in his lifetime. The cause comes here for review on writ of error granted out of this court on the petition of the defendant.

At the threshold of the case we meet the highly important and controversial issue as to the legal effect of the finding of the arbitrator on the petition of Sam Jackson, the deceased husband of the petitioner, which decision found that his disability did not result from an injury arising out of and in the course of his employment and that he was not entitled to compensation.

Paragraph (*b*) of section 19 (Cahill's Stat. 1933, p. 1387; Smith's Stat. 1933, p. 1428;) provides, in substance, that upon the filing of the arbitrator's decision with the Industrial Commission, and notice thereof given as provided by paragraph (*b*), the same shall become the decision of the Industrial Commission, and unless a petition for review is filed as therein provided, such decision, in the absence of fraud, becomes conclusive. There is no charge of fraud made in this case. The defendant insists such finding of the arbitrator that the disability of the deceased did not result from lead poisoning was a final adjudication and estops the surviving widow on her application based on the same issue. The petitioner is equally insistent that the widow's claim for compensation is a new and distinct cause of action created by his death and not precluded by the finding of the Industrial Commission against her husband for compensation for the same alleged injury. The issue thus presented is one of first impression in this State.

The Workmen's Compensation act is purely a creature of the statute. Liability under it to the servant or employee is not imposed by reason of negligence on the part

of the master or employer. The act bespeaks a forward step in modern civilization and industrialism and the awakening of the public conscience by recognizing that traumatic injuries, as well as injuries to employees by way of loss of health and life through diseases peculiar to certain industries, inevitably occur in certain employments, and that the burden of the ensuing economic loss should not be borne alone by the employee and his dependents but a portion of the loss should also be borne by the employer. The test of liability is, Was the employee injured and did the injury arise out of and in the course of his employment? The right of recovery and the procedure to be followed to obtain it must be found in the act.

In support of her contention the petitioner cites several cases from the English courts of last resort as well as decisions of the highest courts of review of some of the sister States of the Union. These decisions, in effect, hold that the dependents' right to compensation is not a derivative claim but is an independent one. The value of these decisions as a guide to the determination of the issues here depends upon the statute in force creating the right of recovery in the several jurisdictions wherein said causes were tried and whether such statute provides a cause of action for the dependents separate and distinct from that of the employee. Such an enactment is contained in paragraph (g) of section 8 of our Workmen's Compensation act. Smith's Stat. 1933, p. 1424; Cahill's Stat. 1933, p. 1384.

Paragraph (j) of section 19 was added to the Workmen's Compensation act of this State by an amendment effective July 1, 1917. (Smith's Stat. 1933, chap. 48, p. 1433; Cahill's Stat. 1933, chap. 48, p. 1390.) That paragraph, so far as applicable here, is as follows: "Whenever in any proceeding * * * a final decision has been rendered, and after * * * such decision has become final, the injured employee dies, then in any subsequent proceeding brought by the personal representative or bene-

ficiaries of the deceased employee, * * * such final decision, if any, shall be taken as final adjudication of any of the issues which are the same in both proceedings."

No effort was made to review the decision of the arbitrator made on the petition of Sam Jackson, as provided by the Workmen's Compensation act, and that decision thereby became the decision of the Industrial Commission and was final and conclusive. The Industrial Commission having determined, after the hearing, that the injury or disability of which the employee complained did not arise. out of and in the course of his employment, and no attempt having been made to modify, reverse or vacate that decision, the Industrial Commission is bound by such determination and could not thereafter review such decision. *Stromberg Motor Device Co.* v. *Industrial Com.* 305 Ill. 619; *Simpson Construction Co.* v. *Industrial Board,* 275 id. 366.

It is urged that because the employer made payments after the employee claimed he was injured the defendant is estopped from denying that the supposed accidental injury to the employee did not arise out of and in the course of his employment. The record shows that the employer made weekly payments to the employee of $7.50 a week, beginning May 22, 1931, and terminating August 16, 1931. All such payments were made prior to the filing by Sam Jackson of the application for adjustment of his claim for compensation. Subdivision 2 of paragraph (*i*) of section 8 (Cahill's Stat. 1933, p. 1384; Smith's Stat. 1933, p. 1424;) specifically provides that any payment of compensation by the employer to an injured employee prior to the filing of his application for adjustment of claim shall not be considered against the employer as admitting liability to pay compensation. The defendant was not by the payment of such sums estopped from denying liability for the alleged injury by lead poisoning. The identical alleged injury to her deceased husband was the gist of the cause

of action stated in the petitioner's claim. The judgment of the Industrial Commission rendered on the hearing of the petition of the husband in his lifetime, to the effect that the disability from which he suffered did not result from an injury arising out of and in the course of his employment, was conclusive upon him and also his widow and cannot be re-litigated in this proceeding. Compensation act, sec. 19, par. .(*j*); *Little* v. *Blue Goose Motor Coach Co.* 346 Ill. 266.

In view of the conclusion reached on the issue decided it will not be necessary to consider the other errors assigned and argued.

The judgment of the circuit court of St. Clair county is reversed and the award of the Industrial Commission is set aside. *Judgment reversed and award set aside.*