## ANNA DI PIETRO *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 66, October Term, 1940.]

*Decided January 3rd, 1941.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Jere J. Santry,* for the appellant.

*Hector J. Ciotti, Assistant City Solicitor,* with whom was *Charles C. G. Evans, City Solicitor,* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This case comes up on appeal from an order of the Baltimore City Court dismissing the appeal of Anna Di

Pietro from an order of the Industrial Accident Commission dismissing her claim for compensation as the widow of Louis Di Pietro.

The case was heard in the City Court on the petition of the Mayor and City Council of Baltimore, employer, and the answer of the appellant.

The petition of the City said that on December 24th, 1937, the Industrial Accident Commission, after hearing, disallowed the claim of Louis D. Pietro, and ruled that he had not sustained an accidental personal injury arising out of and in the course of his employment with the Mayor and City Council of Baltimore, and that he was suffering from a disease or sickness on October 13th, 1937, not connected with or resulting from his employment by the City; that on an appeal by Louis Di Pietro, the order of the Accident Commission was affirmed on March 7th, 1939; that an appeal was taken to the Court of Appeals on April 28th, 1939, was not prosecuted and was abandoned, and thereby the judgment of the Baltimore City Court became a complete and final adjudication binding upon Louis Di Pietro and those claiming by, through, or under him; that the claim of the appellant, Anna Di Pietro, widow, is based on the same accident for which her husband (now deceased) claimed compensation for injury.

The appellant's answer was that the evidence at the hearing before the Accident Commission was that the claimant Louis Di Pietro, was suffering from gastric ulcers, whereas an operation performed May 12th, 1939, showed that he had what is commonly called a blood tumor, and that the causal connection between the alleged accident and a blood tumor could have been shown by the testimony of a fellow employee who did not testify at the hearing of the original claim when Louis Di Pietro was living and present.

The appellant cites but one case, that is *Sea Gull Specialty Co. v. Snyder*, 151 Md. 78, 134 A. 133, but it is not this case. There the employee had been awarded compensation. He died, and his widow made claim for

full death benefits. The question there was, whether the employer was entitled to credit against the death benefits for the compensation paid the employee in his lifetime, and the decision was that the widow was entitled to full compensation without any deductions. Here the appellant asks us to apply to this case certain expressions in the opinion in the *Sea Gull* case. Those expressions cannot be dislocated from their connection with the question involved and being decided and from the opinion as a whole. The appellant quotes and italicizes the sentence: "Compensation in the second of these classes (death claims) is in no wise made dependent upon compensation having been already awarded to the injured party." But this is followed by a sentence, all quoted by the appellant, in which this appears, "The Industrial Accident Commission, before an award of compensation is made to such dependent, must be satisfied that the applicant is a dependent within the meaning of the law, and that the injury was such a one as the deceased party would have been entitled to compensation for had he lived." Emphasized also that the two classes of compensation "are separate and independent of each other and neither of these awards of compensation is governed by the other." The latter, however, is followed and qualified by these sentences: "In other words, the Legislature has said to the employee: 'If you are injured under the conditions provided, you are entitled to the definite compensation fixed by the law.' Having said this, they then say to the dependents of the deceased injured employee: 'If the employee died within three years as a result of the injury, you dependents are entitled to compensation.'" One thing definitely determined in the *Sea Gull* case was that the dependants of an employee, if he dies as a result of injury in the course of his employment, are entitled to compensation if "the deceased party would have been entitled to compensation had he lived," and that the amounts of compensation "are separate and independent of each other." With what was said and decided in that case, we still agree.

The appellee's contention is that, it having been first decided by the Accident Commission and on appeal by the City Court that Louis Di Pietro was not entitled to compensation for his alleged injuries, that the question of the employer's liability is foreclosed, and the appellant estopped from asserting a claim based on the same injury. In other words, the rule of *res judicata* applies. There are several decisions in other jurisdictions which support this position. *Ek v. Department of Labor and Industry*, 181 Wash. 91, 41 Pac. 2nd 1097; *Besonen v. Campbell*, 243 Mich. 209, 220 N. W. 301; *Lewin Metals Corp. v. Indus. Comm.*, 360 Ill. 371, 196 N. E. 482; *Siberry v. National Sulphur Co.*, 117 N. J. L. 200, 187 Atl. 567; *Naud v. King Sewing Machine Co.*, 95 N. Y. Misc. 676, 159 N. Y. Supp., 910; *Martin v. White Pine Lumber Co.*, 34 N. M., 2nd 284 Pac. 115; *Texas Indemnity Co. v. Dill*, Tex. Civ. App., 42 S. W. 2nd 1059.

While, as we said, we have not had the exact case, the same principle was involved in the case of the *Gold Dust Corporation v. Zabawa*, 159 Md. 664, 152 A. 500. In that case the claim for compensation to an injured employee had been disallowed by the Accident Commission. He never took an appeal, and long after the time for appeal had expired he asked for a re-hearing, which was refused. An appeal was taken to the City Court, which reversed the Commission. Here the action of the Commission was sustained, this court, amongst other things saying: "The decision (of the Commission) would seem analogous to a refusal to grant a new trial upon newly discovered evidence." *Aslund v. Becker Construction Co.*, 107 N. J. L. 180, 151 A. 626. On precedent and authority, we, therefore, are constrained to say the order appealed from should be affirmed.

*Order affirmed, with costs.*