

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 3, 1975

The Honorable Leonard Prewitt
Executive Secretary
Teacher Retirement System of Texas
1001 Trinity Street
Austin, Texas 78701

Opinion No. H- 681

Re:     Authority of the
         Teacher Retirement
         System to purchase
         liability, property
         and workmen's com-
         pensation insurance.

Dear Mr. Prewitt:

You have requested our opinion concerning the following question:

> May the Teacher Retirement System of Texas
> enter into contracts and pay premiums from
> its expense account for general liability
> insurance, for insurance on its building and
> contents, for valuable papers insurance or
> for workmen's compensation insurance?

Article 16, section 67 of the Texas Constitution, which establishes
the Teacher Retirement System, provides in subsection (a)(3):

> ·Each statewide benefit system must have a
> board of trustees to administer the system and to
> invest the funds of the system in such securities
> as the board may consider prudent investments.
> In making investments, a board shall exercise
> the judgment and care under the circumstances
> then prevailing that persons of ordinary prudence,
> discretion, and intelligence exercise in the manage-
> ment of their own affairs, not in regard to specu-
> lation, but in regard to the permanent disposition of
> their funds, considering the probable income there-
> from as well as the probable safety of their capital.
> The legislature by law may further restrict the
> investment discretion of a board.

Section 3.59(a) of the Education Code provides in part:

> General administration of and responsibility for
> proper operation of the retirement system . . .
> are vested in a State Board of Trustees . . .

Section 3.60(a) provides in part:

> The State Board of Trustees shall be the trustee
> of all funds, securities, money, and other assets
> of the retirement system with full power to invest
> and reinvest them as authorized by Article III,
> Section 48b of the Texas Constitution.

While article 3, section 48b was repealed by article 16, section 67 of the Texas Constitution, the powers of the Board of Trustees under section 3.60(a) of the Education Code are to be measured by the terms of the repealed constitutional provision, since it is incorporated by reference into section 3.60.   The repealed section 48b established the same investment standard as the presently operative article 16, section 67(a)(3), and specifically empowered the Board,

> to invest . . . in home office facilities to be
> used in administering the Teacher Retirement
> System including, land, equipment, and office
> building . . .

See Attorney General Opinion M-644 (1960).

Pursuant to this authorization such an office building has been erected. You ask whether insurance on the building, its contents, and valuable papers may be purchased by the System.

In Senate Concurrent Resolution No. 3, Acts 1921, 37th Leg., 2nd Called Session, p. 369, the State's policy in this regard is expressed as follows:

> the State shall carry its own insurance upon
> State buildings and contents, and that no in-
> surance policies shall be taken out upon any
> of the public buildings of the State, nor upon
> the contents thereof . . .

The Resolution additionally provides for a sinking fund in the amount of ten percent of the total value of all State buildings, such fund to be accumulated from biennial appropriations. However, the Comptroller's Annual Reports indicate that no such fund has ever been in existence.

Article 16, section 67 (a)(3) establishes a prudent person standard with regard to investments of the Board. However, that subsection additionally provides that "the Legislature by law may further restrict the investment discretion of [the] board." (Emphasis added) Assuming without deciding that the office building of the Teacher Retirement System is a "state building" within the meaning of the aforementioned resolution, it is in either event our opinion that the Board's investment discretion is not thereby limited, for a "resolution cannot be given the effect of a law." Mosheim v. Rollins, 79 S.W. 2d 672 (Tex. Civ. App. -- San Antonio 1935, writ dism'd.); see also Commercial Standard Fire & Marine Co. v. Commissioner of Insurance, 429 S.W. 2d 930 (Tex. Civ. App. --Austin 1968, no writ); Terrell Wells Swimming Pool v. Rodriquez, 182 S.W. 2d 824 (Tex. Civ. App. --San Antonio 1944, no writ). In light of the constitutional limitation on the amount the State may contribute to the Teacher Retirement System, art. 16, sec. 67(b)(3), and since the building, its contents and valuable papers are assets of the System which are held in trust for its members, sec. 67 (a)(1), it is our opinion that it is within the discretion of the Board to purchase insurance to protect these assets from loss. Due to the particular characteristics of the Teacher Retirement System, we do not believe this determination is in conflict with prior opinions of this office reaching the opposite conclusion with respect to other state agencies and instrumentalities. See Attorney General Opinion M-1257 (1972).

You also ask whether the System may purchase "general liability insurance." It is our understanding that your question is limited to insurance for claims under the Texas Tort Claims Act, article 6252-19, V. T. C. S. Section 9 of that Act provides in part:

> all units of government are hereby expressly authorized to purchase policies of insurance providing protection for such units of government, their officers, agents and employees against claims brought under the provisions of this Act . . . .

While article V, section 54 of the current Appropriations Act prohibits the expenditure of appropriated funds for such insurance, Acts 1973, 63rd Leg., ch. 659, p. 2217, this prohibition does not affect the Teacher Retirement System, for the account from which the premium will be paid does not consist of appropriated funds. Attorney General Opinion M-949 (1971). See also Attorney General Opinion WW-600 (1959). Accordingly, section 9 of the Texas Tort Claims Act authorizes the Teacher Retirement System to purchase insurance to cover claims authorized to be bought and paid under the Act. And see Attorney General Opinion H-70 (1973).

Your final question concerns whether the Teacher Retirement System may purchase workmen's compensation insurance. Article 8309g, V.T.C.S., provides for workmen's compensation insurance for state employees. Section 1(1) provides:

> 'Employee' means a person in the service of the state under an appointment or express contract of hire, oral or written, whose compensation is paid by warrant issued by the Comptroller, except a person employed by the State Highway Department or by an institution of higher education subject to a separate workman's compensation law.

See also Senate Bill 829, 64th Leg. Section 2 provides that "the state is self-insuring." We have ruled that compensation may be provided for injuries to state employees occurring on or after July 18, 1975. Attorney General Opinion H-637 (1975). See House Bill 169, Acts 1975, 64th Leg., ch. 55, p. 119, Vernon's Texas Session Law Service No. 2. In our view employees of the Teacher Retirement System are within the definition contained in section 1(1), for "all payments from the accounts shall be made . . . on warrants drawn by the state comptroller . . . . " Education Code, sec. 3.60(c). In Matthews v. University of Texas, 295 S.W. 2d 270 (Tex. Civ. App. --Waco 1956, no writ), the court held that since the University of Texas was the subject of a specific workmen's compensation statute, article 8309d, the general workmen's compensation statute, article 8306, was not applicable. We believe the same reasoning applies to the Teacher Retirement System.

Accordingly, Teacher  Retirement System employees are eligible for workmen's compensation only under article 8309g.  Since section 2 of article 8309g provides that the State shall be a self-insurer and thereby limits the investment discretion of the Board of Trustees, Tex. Const. art. 16, sec. 67(a)(3), it is our opinion the Teacher  Retirement System may not purchase workmen's compensation insurance.

### SUMMARY

The Teacher  Retirement System may purchase insurance for liability under the Texas Tort Claims Act.  Insurance on its building, its contents, and valuable papers may also be purchased, but workmen's compensation insurance may not.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee