though the defendant had been examined in proceedings supplementary to execution. I think that, upon the facts as presented, the motion to vacate should have been granted.

Concededly wages of $49 per month for 52 weeks of the year do not constitute sufficient earnings to warrant issuing a garnishee execution, and clearly the whole rental value of the house, of $20 per month, cannot properly be included as part of the earnings of the defendant. It is not claimed that the defendant had theretofore been placed under any legal obligation to support his sister. Whether the value of the right given to the defendant to live in the house with his sister, which must be considered not a mere gratuity, but as part of defendant's earnings, exceeds the reasonable value of the fuel, lights, and food necessarily furnished by him to her, does not appear. If it does exceed it, then I think the surplus constitutes earnings which should be added to the wages of $49 per month, and upon the total the right to a garnishee execution should be determined. The only statement bearing upon the subject is found in the affidavit of the son to the effect that the $49 wages is actually necessary for the living expenses of the defendant and his sister. The word "earnings" is a more comprehensive term than the word "wages." Its signification is sufficiently extensive to include, not only the monthly wages paid the defendant, but also the pecuniary benefit to the defendant resulting from the agreement relative to the maintenance of the sister and the right of the defendant to live in the house free of charge.

The order appealed from should be reversed, and the order directing that an execution issue vacated. All concur.

---

(95 Misc. Rep. 676)

### NAUD v. KING SEWING MACH. CO.

(Supreme Court, Special Term, Erie County. June 20, 1916.)

1. MASTER AND SERVANT ☞373—WORKMEN'S COMPENSATION ACT—"ACCIDENTAL INJURY"—"ACCIDENTAL."

Under Workmen's Compensation Act (Laws 1914, c. 41) § 10, which, after specifying what shall be hazardous employments, provides that every employer shall be liable for the disability or death of an employé, arising from accidental personal injury, without regard to fault, an injury from permitting poisonous gases and fumes to accumulate and remain where plaintiff was required to work, by reason of failure to employ ventilators, fans, etc., to carry away such fumes, in consequence of which plaintiff inhaled them, with permanent injury to his lungs, etc., was an accidental injury; an "accidental injury," as used in the statute, being distinguishable from an injury in the nature of a vocational disease, and the term "accidental" meaning happening by chance or unexpectedly taking place, not according to the usual course of events, casual, fortuitous.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞373.

For other definitions, see Words and Phrases, First and Second Series, Accident; Accidental.]

2. MASTER AND SERVANT ☞416—WORKMEN'S COMPENSATION ACT—FINDING OF COMMISSION—EFFECT.

Under Workmen's Compensation Act, § 20, requiring the Workmen's Compensation Commission to determine the claim made before it for com-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pensation, and declaring its decision final as to all questions of fact, the commission's holding that injury to an employé from inhaling poisonous gases and fumes, with injury to his lungs, etc., was not due to accident, was res judicata as to the question of fact as to whether such injury was an accidental injury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞416.]

3. MASTER AND SERVANT ☞417(1)—WORKMEN'S COMPENSATION ACT—FINDING OF COMMISSION—COLLATERAL ATTACK.

If the Workmen's Compensation Commission was in error in its finding as to whether plaintiff's injury was an accidental injury, plaintiff's remedy was to appeal to the Appellate Division, as provided by Workmen's Compensation Act, § 23.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞ 417(1).]

Action by Charles Naud against the King Sewing Machine Company. Demurrer of plaintiff to clause of the defendant's answer to the complaint overruled.

Jacobson & McCormick, of Buffalo, for plaintiff.
Clinton B. Gibbs, of Buffalo, for defendant.

WHEELER, J.   The complaint sets forth a cause of action for alleged negligence under the Employers' Liability Act of this state. It alleges in substance that the defendant negligently failed to furnish and provide the plaintiff, while in its employ, "with reasonably safe implements, appliances, ventilators, fans, blowers, or other devices * * *" for the carrying away of poisonous and dangerous gases and fumes, in permitting and allowing poisonous gases and fumes to accumulate and remain in and about the place in which this plaintiff was required to work, * * * and through the carelessness and negligence of defendant" in other ways failing and neglecting to perform certain alleged duties for the proper and reasonable safety of the plaintiff, whereby it is alleged the plaintiff inhaled certain poisonous gases and fumes, which occasioned permanent injuries to his lungs and other portions of his body.   It is not necessary to go into further details as to the allegations of the complaint.

In its answer, the defendant makes certain denials of the allegations of the complaint, and alleges that the alleged injuries received by the plaintiff were due to the risks incident to his employment and known to him, and that such risks were assumed by the plaintiff.   Then follows the following allegation, to wit:

"Fifth. For a further and separate defense herein the defendant alleges, upon information and belief, that the same plaintiff heretofore, and on or about the 2d day of February, 1916, in accordance with the provisions of the Workmen's Compensation Law of the state of New York, presented to defendant the alleged claim referred to in the complaint for compensation according to the benefits described in said Workmen's Compensation Law for said alleged injury claimed to have been sustained by him in the course of his said employment with the defendant, and that thereafter said state Workmen's Compensation Commission, and on or about the 29th day of March, 1916, after a hearing duly had thereon, adjudged that the alleged accident claimed to have been sustained by the said plaintiff did not constitute an accident, and adjudged that plaintiff's said alleged claim be disallowed, and

that by said judgment this action became and was forever barred and fore-closed."

To this clause or portion of the defendant's answer the plaintiff demurs, on the ground that the said defense is insufficient in law. It was conceded in the argument of this demurrer that the employment in which the plaintiff was engaged at the time he received the alleged injuries was one of the hazardous employments covered by the provisions of the Workmen's Compensation Law.

[1] If the plaintiff's injuries were in fact occasioned, owing to the negligence of the defendant in the particulars specified in his complaint, it is difficult to see why the plaintiff should not have been given compensation under the provisions of the Workmen's Compensation Law. After specifying what are to be deemed hazardous employments, section 10 of the act provides that:

"Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé arising out of and in the course of his employment, without regard to fault as a cause of such injury" (except in cases of injuries resulting from intoxication or those willfully and intentionally inflicted).

We fail to see, therefore, if the allegations of the complaint are true, that the plaintiff's injuries were the result of the defendant's negligence, why the plaintiff was not fairly entitled to compensation for his injuries under the provisions of the Compensation Act as a "disability * * * resulting from an accidental injury * * * arising out of and in the course of his employment." Matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403; Matter of Winfield v. N. Y. C. & H. R. R. R. Co., 216 N. Y. 284, 110 N. E. 614, Ann. Cas. 1916A, 817; Connors v. Semet-Solvay Co., 94 Misc. Rep. 406, 159 N. Y. Supp. 431.

An "accidental injury," as used in this statute, is clearly distinguishable from an injury in the nature of a vocational disease, sustained in the course of an employment, where, from the inherent nature of the work, disease is likely to be contracted. "Accidental" has been defined as:

"Happening by chance, or unexpectedly taking place, not according to the usual course of events; casual; fortuitous." North American Life & Accident Ins. Co. v. Burroughs, 69 Pa. 43, 8 Am. Rep. 212.

In insurance policies providing for an indemnity, "accidental" cause is defined as:

"An event happening without human agency, or, if happening through human agency, an event which under the circumstances is unusual, and not expected to the person to whom it happens."

Within these recognized definitions of the word "accidental," if the injuries sustained by the plaintiff were occasioned in the manner alleged in the complaint, they were clearly "accidental" within the meaning of the Workmen's Compensation Law, and the plaintiff would have been entitled to compensation as provided in that act.

[2] When, therefore, the Compensation Commission found and determined, after a hearing, that the plaintiff's injuries were not the result of an "accident," it found by necessary implication that such injuries were not due to the defendant's negligence, or occasioned as alleged in the complaint. The importance and legal significance of this adjudication by the Compensation Commission arises out of the fact that, by the provisions of section 20 of the Compensation Law, the commission is required to determine the claim made before it for compensation, after notice to the interested parties, and an opportunity to present evidence and be represented by counsel. The act then declares that:

"The decision of the commission shall be final as to all questions of fact, and, except as provided in section 23, as to all questions of law."

Therefore it is that the holding of the commission that the plaintiff's injuries were not due to "accident" makes that question res adjudicata as to the plaintiff and the defendant in this action, and precludes a further inquiry into the questions of fact in this action.

The adjudication of the Compensation Commission was therefore properly set up in the answer of the defendant as bar against the plaintiff in an effort to establish in this action that his injuries were occasioned by the negligence of the defendant, which our interpretation of the act would constitute an "accidental injury."

[3] If the Compensation Commission was in error on the decision of the application made to it, the plaintiff's remedy was to appeal from its decision to the Appellate Division of this court, as provided in section 23 of the Compensation Law.

I am therefore of the opinion that the demurrer of the plaintiff to the fifth clause of the defendant's answer should be overruled, with costs of this demurrer. So ordered.