JULIA PLASKON SIBERRY, PETITIONER-DEFENDANT, v. NATIONAL SULPHUR COMPANY, RESPONDENT-PROSE-CUTOR.

Argued October 8, 1936—Decided October 20, 1936.

Before Justices PARKER and LLOYD.

For the prosecutor, *Coult, Satz & Tomlinson* (*John J. Francis,* of counsel).

For the defendant-petitioner, *John C. Grimshaw* (*John A. Laird,* of counsel).

The opinion of the court was delivered by

PARKER, J.   This is a workmen's compensation death case. Deceased undoubtedly met his death by accident, and while he was an employe of prosecutor, National Sulphur Company. The claim throughout has been, on the part of his widow and dependents, that the accident arose out of and in the course of his employment, and this was denied by the employer. The matter was tried out before the bureau, which as of November 20th, 1925, determined that the accident did not arise out of and in the course of the employment, and "dismissed" the petition.   There was no appeal, and the matter rested in *statu quo* until 1932, when petitioner through new counsel applied to re-open the case on the ground of "newly

discovered evidence." The bureau re-opened the judgment, heard the new evidence, denied a motion to dismiss the petition, and made an award, which was affirmed by the Pleas on appeal, in this court on *certiorari* in *Plaskon* v. *National Sulphur Co.*, 113 *N. J. L.* 253, but reversed in the Court of Errors and Appeals (114 *Id.* 109), which applied the ancient rule observed in actions at common law, that the "newly discovered evidence" must be such as could not, by the exercise of reasonable diligence, have been procured for the first trial; and that the evidence at the second hearing was conspicuously not in that class.

This should reasonably have ended the matter; but some two months after the last mentioned decision, there was another application to re-open the original determination and judgment in favor of the employer, entered in 1925, on the theory that the reversal in the Court of Errors and Appeals required a new trial. This the deputy commissioner overruled, and denied the motion, holding that the matter was *res judicata.* At or about the same time, March 23d, 1935, a second petition was filed, some ten years after the accident, and based on the same claim, and this, on September 6th, 1935, the deputy commissioner dismissed on the stated ground that the statutory limitation had run. Petitioner applied for a writ of *certiorari*, and obtained a rule to show cause, which was discharged as premature. On appeal to the Pleas, that court reversed the dismissal and sent the case back to the bureau for trial on the merits. That trial resulted in an award, which on the employer's appeal was affirmed, and the present writ was then allowed.

We are clear that the award must be set aside; and find it unnecessary to discuss more than one of the grounds urged, viz., *res judicata.*

As we understand the argument advanced to support the continuance of this litigation after an original judgment in favor of the employer and a refusal by our highest court to recognize the so-called "newly discovered evidence" as justifying a second trial, it is that the first judgment was no more in practical effect than a common law nonsuit, so that a new petition could be filed at any time before the limitation had

run; and that such limitation had not run because the employer had never reported the accident to the bureau in manner and form as provided by the statute called the "Reporting act." *Pamph. L.* 1924, *p.* 401. Whether the act is broad enough to require that any accident to an employe even if not in the course of employment, must be reported, we need not consider; for quite apart from the question of limitation, it is obvious from the record that the original judgment in 1925 was not a mere nonsuit, but a final judgment in favor of the employer. Petitioner's counsel lays stress on the language used by Deputy Commissioner Corbin in 1932, in deciding the "re-opened" case, referring back to the 1925 trial. His language reads in part as follows:

"At the end of the petitioner's case, the attorney for the respondent moved for a nonsuit on the grounds that the petitioner had failed to show that the deceased died as a result of an injury by accident arising out of and in the course of the employment, stating that there was no proof whatsoever that there was an injury by accident arising out of and in the course of the employment. After argument of counsel the motion for a nonsuit was granted."

The difficulty about this, however, is that Commissioner Corbin was undertaking to state the result of a former trial conducted by him, without resorting to the record of that trial, at which also he presided. That record, which we quote, shows a very different state of affairs touching the "nonsuit" theory. The relevant part of the determination reads as follows: "He [deceased] was last seen coming from a barge owned by the American Borax Company [which] had the adjoining plant. When he came from the barge of the American Borax Company, he had in his hand a large white lump of borax. This had no connection with his work. While he was carrying the borax from the borax company's barge he stepped upon the dock and stumbled and fell into the water. His work did not take him near the dock and did not take him near the water. He was not engaged in his employment at the time of this accident.

"I do find and determine on this 20th day of November, 1925, *that the said accident did not arise out of and in the*

*course of his employment. It is hereby ordered* that the petition herein be and the same hereby is *dismissed.*" (Italics ours.)

The "dismissal" of a petition of this character, based on an express finding of fact against the petitioner, on the evidence produced, is in its essence a final judgment for defendant, concluding the parties until reversed. That judgment was, and is, a final and absolute bar to further litigation of the matter.

The judgment under review will be reversed, with costs, to the end that the petition of 1935 be dismissed and the litigation terminated.