In the Matter of the Claim of JANE LANNING, Respondent, against ERIE RAILROAD COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 3, 1943.

*Moot, Sprague, Marcy & Gulick (LeRoy H. Hurlbert* and *John F. McGarl* of counsel), for appellant.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board.

BLISS, J. Harry T. Lanning was injured on May 30, 1938, while working as a night general yardmaster for the Erie Railroad Company. His claim for workman's compensation was contested by the railroad company on the ground that claimant was engaged in interstate commerce at the time of the accident. The railroad's contention was overruled and several awards of compensation were thereafter made and compensation was paid to Lanning up to June 8, 1941, on which date he died as a result of the accident. The present claim is made by his widow for death benefits. Upon the present hearings the railroad again sought to raise the issue of interstate commerce. The referee refused to accept any evidence in support of this contention and an award for death benefits has been made.

The railroad was not entitled to litigate a second time the issue of interstate commerce. It had its day in court on that question. While there is not an exact identity of parties, the decedent's claim for disability compensation and his widow's claim for death benefits both spring from the same accident and injury and they must both stand or fall upon the determination of the issue of interstate commerce. This issue was proffered by the railroad and determined against it on the original claim by Lanning. The awards which were made to him were of the same effect as judgments rendered in an action in the Supreme Court between the same parties and could have been docketed and enforced as such judgments. (Workmen's Compensation Law, § 26.) Close analogy to the present situation is found in the statutory action for wrongful death. A judgment for or against a decedent in his lifetime in an action to recover for his personal injuries is a bar to a later action for his wrongful death. (*Collins* v. *Hall*, 117 Fla. 282.) The foundation in each instance is the same wrongful act and once the underlying issues as to such act have been determined against a party he has no right to a second hearing on those same identical questions.

Under the Workmen's Compensation Law two forms of benefits may flow from the same accident and injury. The injured workman becomes entitled to compensation for his disability and if his injuries result in death, his widow and certain other dependents become entitled to death benefits. Both of

these remedies are dependent upon an original relationship of employer and employee and must be the result of an accident and injuries arising out of and in the course of the employment. A successful contention of interstate commerce on the part of the employer will defeat each remedy. Here this issue of interstate commerce has been tendered and tried. It has become *res judicata* and may not be retried as to each successive claimant.

The award should be affirmed, with costs to the State Industrial Board.

SCHENCK, J. (dissenting). I dissent and vote for reversal. Between decedent and this claimant, his widow, there is no privity, a term which " denotes mutual or successive relationship to the same rights of property " (1 Greenleaf on Evidence [15th ed.], § 189), for " a proceeding under a claim for death benefits is not the same as a proceeding for compensation made by an employee who survives his injury but subsequently dies therefrom." (*Snow* v. *United States Railroad Administration,* 209 App. Div. 308, affd. 239 N. Y. 528; cert. den. 266 U. S. 630.) Moreover, for the principle of *res judicata* to apply, the subject-matter and the parties must be the same. (*Utah Fuel Co.* v. *Ind. Comm.,* 67 Utah, 25; 1 Freeman on Judgments [5th ed.], § 407.)

Nor, merely because of having paid compensation to decedent, is the employer herein estopped to assert decedent's employment in interstate commerce, since had he, or his personal representative, brought suit under the Federal Employers'- Liability Act (U. S. Code, tit. 45, ch. 2), which can be maintained only where the employer is negligent, no negligence could have been predicated upon the mere fact that decedent suffered a heart attack as a result of running to the fire. (*New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147.) Therefore, neither decedent nor the claimant herein has been lulled into a sense of security which has resulted in the loss of a right of action through the running of the Statute of Limitations prescribed by the Federal Employers' Liability Act.

Hence the award under review should be reversed, with costs against the State Industrial Board, and the case remitted to the Board with instructions to afford the employer an opportunity to make proof of the issue of decedent's employment in interstate commerce when he sustained his injury.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur with BLISS, J.; SCHENCK, J., dissents in a memorandum.

Award affirmed, with costs to the State Industrial Board.