BELL v. BATESVILLE WHITE LIME COMPANY.

4-9210                                230 S. W. 2d 643

Opinion delivered May 29, 1950.

Rehearing denied July 3, 1950.

*Chas. F. Cole,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

GEORGE ROSE SMITH, J. This is a workmen's compensation case in which Clint Bell's widow and children seek benefits upon the theory that Bell's death resulted from an accidental injury suffered in the course of his employment by the appellee. The Commission denied the claim upon the ground that the claimants had not met the burden of proof. The circuit court affirmed the Commission's order.

Bell had worked for the appellee for many years prior to April of 1945. In that month he became totally disabled as a result of heart trouble and filed a claim for compensation. The Commission rejected the claim, but on appeal we held that the injury was compensable because the dusty atmosphere in which Bell worked was a factor contributing to the onset of his disability. *Batesville White Lime Co.* v. *Bell,* 212 Ark. 23, 205 S. W. 2d 31. Pursuant to that decision Bell received compensation payments until his death in August of 1948. The appellants then filed the present claim for death benefits.

It will be observed that Bell's death occurred a few months more than three years after the inception of his disability. The statute governing this case (which arose before the 1948 amendments to the Act) provides that if death does not occur within the first three years of the period for compensation payments "it shall be presumed that such death did not result from the injury and no death benefits shall attach." Ark. Stats. 1947, § 81-1315 (b). The Commission ruled that the statutory presumption is rebuttable, and we agree with that ruling. Had the legislature intended for the presumption to be a conclusive one it could easily have said so, or it could have said that in no case would death benefits attach unless the employee died within three years after the injury. Most presumptions are rebuttable, and we find

nothing in the Compensation Act to indicate that this one is not.

The Commission held, however, that the claimants' evidence was not sufficiently strong to overcome the statutory presumption. As far as the cause of Bell's death is concerned, the evidence is undisputed. When Clint Bell was about fourteen years old he had rheumatic fever. This disease usually creates a weakened heart condition. A person having a rheumatic heart may lead a normal existence for years, but in most cases the heart condition eventually flares up and ultimately proves to be fatal. Bell's case history was typical except that he lived longer than most patients do after the onset of disability. It is not even suggested that his death was due to anything except heart trouble; in fact, the appellee and its insurer did not offer any evidence to contradict the appellants' proof.

The transcript in the first case was introduced at the hearing below. What the Commission did was to re-examine that testimony and conclude that the claimants had not shown that Bell's original injury was accidental. The Commission reasoned that the statutory presumption imposed upon these claimants a heavier burden of proof than that which ordinarily obtains. Implicit in the Commission's written opinion is the thought that even though the proof in Bell's own case was strong enough to establish an accidental injury, the same evidence was insufficient to overcome the statutory presumption in a death case.

We think the Commission erred in retrying the issue of accidental injury. Whether the Commission's finding upon an employee's claim is *res judicata* as to his widow and children is a question of first impression in Arkansas. Several states have held that the rule of *res judicata* does not apply, but in most of them the peculiar wording of the compensation act permits the commission to modify its awards at any time. Our own provision for modification is not so broad. See § 81-1326.

We believe the better reasoned cases to be those holding that a decision rendered during the employee's

lifetime upon his assertion of compensable disability is binding when his dependents raise the same issue after his death. On this point an excellent opinion was handed down in *Lanning* v. *Erie R. Co.*, 265 App. Div. 576, 40 N. Y. S. 2d 404, aff'd without opinion, 291 N. Y. 688, 52 N. E. 2d 587. There the employer contested the employee's claim upon the ground that he was engaged in interstate commerce when the injury took place. The Board rejected that defense and allowed compensation. The injury led to the employee's death, and in a proceeding brought by his widow the employer offered the same defense. In holding that this issue was concluded by the first adjudication the court said: "The railroad was not entitled to litigate a second time the issue of interstate commerce. It had its day in court on that question. While there is not an exact identity of parties, the decedent's claim for disability compensation and his widow's claim for death benefits both spring from the same accident and injury and they must stand or fall upon the determination of the issue of interstate commerce. This issue was proffered by the railroad and determined against it on the original claim by Lanning. . . . Close analogy to the present situation is found in the statutory action for wrongful death. A judgment for or against a decedent in his lifetime is a bar to a later action for his wrongful death. *Collins* v. *Hall,* 117 Fla. 282, 157 So. 646, 99 A. L. R. 1086. The foundation in each instance is the same wrongful act and once the underlying issues as to such act have been determined against a party he has no right to a second hearing on those same identical questions." To the same effect, except that the first decision had been adverse to the employee, is *Ek* v. *Dep't of Labor and Industries*, 181 Wash. 91, 41 P. 2d 1097.

In the case at bar the evidence upon the issues still left open by the rule of *res judicata* is not in conflict. It was determined in the first proceeding that Bell suffered an accidental injury which activated his dormant heart condition. That issue is not subject to reconsideration. All that remains to be decided is whether Bell's rheu-

matic heart was the cause of his death, and, if so, whether death occurred sooner than it would have had his ailment not been activated by his employment. *Frank Lyon Co. v. Scott*, 215 Ark. 274, 220 S. W. 2d 128. The uncontradicted evidence requires an affirmative answer to both questions.

Reversed, with instructions to remand the cause to the Commission for the entry of an award in favor of the claimants.

GRIFFIN SMITH, C. J., not participating.