MARY A. CARD *vs.* LLOYD MANUFACTURING COMPANY, INC.

JULY 20, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a dependent's petition for compensation under the workmen's compensation act, general laws 1938, chapter 300, article II, §6, as amended by public laws 1942, chap. 1246.   From a decree of the superior court denying and dismissing the petition, petitioner has appealed to this court.

The appeal raises the following question: Is a finding of causal connection in a final decree in an employee's proceeding for compensation res judicata of the same issue in a dependent's proceeding for compensation after the employee's death?   At the hearing in the superior court the trial justice ruled that it was not and hence refused to

allow petitioner to introduce into evidence the record of a petition for compensation brought by her husband wherein he had established that he was totally incapacitated by a coronary occlusion and that such occlusion resulted from an injury arising out of and in the course of his employment.

The question arose in this way. On March 22, 1950 Joseph L. Card, petitioner's husband, sustained an injury to his heart while working in respondent's shop. This was followed by a coronary occlusion on March 25, 1950. Thereafter he brought a petition for compensation alleging therein that he was totally incapacitated as a result of the occlusion which he further alleged was caused by the injury of March 22, 1950. That petition was fully heard by a justice of the superior court but before decision was rendered Card died on March 17, 1951. However, his wife, as administratrix of his estate, duly prosecuted the case to the entry of a final decree in his favor.

That decree awarded the administratrix compensation for his total incapacity to the date of his death. It also contained the following specific findings: That the injury of March 22, 1950 arose out of and in the course of Card's employment; that such injury was the proximate cause of the coronary occlusion of March 25, 1950; and that as a result thereof he was totally disabled. The respondent, who is also the respondent in the case at bar, did not prosecute an appeal from such decree.

After her husband's death, petitioner filed the instant petition in her own right for dependent's compensation. As its sole defense thereto, respondent raised the question whether the occlusion was caused by the injury of March 22, 1950. The petitioner claimed that such question was finally and conclusively settled by the decree duly entered in the prior proceeding from which no appeal was taken by respondent. She therefore offered the record of such proceeding as proof that the coronary occlusion was caused

by such injury. The respondent objected on the ground that the two proceedings involved separate and distinct rights and therefore the decree in the prior proceeding was not res judicata of any issue in the instant case. The trial justice sustained such objection on that ground and required petitioner to go forward with evidence in proof of that issue anew.

The petitioner's evidence failed to convince the trial justice, since contrary to the finding in the prior proceeding he found that she had not proved causal connection between the injury of March 22, 1950 and the coronary occlusion of March 25, 1950. In the course of his decision in which he reviewed the evidence at length he recurred to the question whether the decision of the justice of the superior court in the prior proceeding was binding upon him and stated: "After examination of the cases and consideration of the issue involved the Court decided that the doctrine of res judicata did not apply and that the issue must be decided anew at this time by the Court." The petitioner concedes there is respectable authority which supports that view, but she nevertheless contends that the trial justice erred, as more recent cases of equal authority take a contrary view.

The question is one of novel impression in this state. In England it was apparently settled many years ago, while the workmen's compensation act there was in its infancy, that the right to compensation thereby given to dependents was separate from and independent of that given to the workman. *Williams* v. *Vauxhall Colliery Co., Ltd.*, 2 K. B. 433 (1907). Thereafter the English courts appear to have uniformly held that because of that fact the decision of an issue in a workman's proceeding for compensation could not be pleaded as res judicata of the same issue in a later proceeding for dependent's compensation. *Howell* v. *Bradford & Co.*, 104 L. T. 433; *Tucker* v. *Oldbury Urban District Council*, 5 B.W.C.C. 296; *Manton* v. *Cantwell*,

13 B.W.C.C. 55; *Harper* v. *Dick, Kerr & Co.,* 13 B.W.C.C. 250.

In the United States among the courts of last resort which have passed upon the question there is a pronounced split of authority. The following cases cited and relied upon by respondent to support the trial justice's decision substantially adopt the reasons of the English cases and hold the doctrine of res judicata inapplicable. *Industrial Comm'n* v. *Davis,* 126 Ohio St. 593; *Wray* v. *Carolina Cotton & Woolen Mills Co.,* 205 N. C. 782; *Laird* v. *State Highway Dept.,* 112 Vt. 67. The following recent cases are relied upon by petitioner for the contrary view. *Hagerman* v. *Lewis Lumber Co.,* 13 N. J. 315; *Matter of Lanning* v. *Erie R.R.,* 265 App. Div. 576, aff'd 291 N. Y. 688; *Bell* v. *Batesville White Lime Co.,* 217 Ark. 379. Other cases have been cited and discussed by the parties in their briefs but they need not be mentioned here, since the above cases sufficiently illustrate the division of authority and the nature of the reasons upon which it is based.

After careful consideration of all the cases cited as well as others not cited by either party, we are of the opinion that those cases relied on by petitioner state the better view. At least such view is more consonant with our conception of the nature of the rights to compensation that the legislature intended to grant by virtue of the provisions therefor in our act. In our opinion those rights are not so entirely separate and distinct from each other that they may be considered different causes of action. On the contrary, while the rights to receive compensation are different they are based upon one and the same cause of action, namely, the sustaining by the employee of a compensable injury. So closely and intimately is a dependent's right to compensation tied together with the employee's right to compensation therefor that each has been held to arise at the same time so that only those who were his dependents at the time of his injury are entitled to claim compensation for

his death therefrom. *Newton* v. *Rhode Island Co.*, 42 R. I. 58.

In other words it is the injury that results in death which gives rise to the dependent's cause of action and determines who are the proper parties to prosecute the right to compensation. In this aspect of the matter the employee and his dependent have a community of interest. Unless and until it is established that the employee suffered a compensable injury neither of them is entitled to compensation. When once that fact is established the right to compensation *for the injury* accrues to the employee and *if he dies of such injury* it is in effect continued in favor of his dependent.

That the compensation which the dependent thereby becomes entitled to receive is not new compensation for the death but continuing compensation for the injury is evident from the following provision of G. L. 1938, chap. 300, art. II, §6, as amended: "When weekly payments have been made to an injured employee before his death, the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than 600 weeks from the date of the injury * * *." Thus, a dependent's compensation could be greatly diminished or conceivably be even entirely eliminated if the employee lingered a long time before he ultimately died because of his injury.

The policy of the statute appears to be that compensation for the injury, if it causes death before the expiration of 600 weeks therefrom, shall be payable to his dependents in certain specified amounts according to the number of such dependents at the time of his injury. Thus the statute does not confer upon dependents a separate, additional, vested right to compensation for the death of the employee. *Duffney* v. *Morse Lumber Co.*, 42 R. I. 260. It merely transfers to them a right personally to receive a certain portion of the

injured employee's weekly compensation remaining to be paid within a period of 600 weeks following the injury.

In this respect a dependent's proceeding under our workmen's compensation act is not the same as an action for damages under our death by wrongful act statute. Therefore we have not considered cases of that kind which have been cited to us. We have, however, examined two workmen's compensation cases from Massachusetts and Connecticut which appear to take the same view of a dependent's right to compensation under their acts that we do here.

In *Beausoleil's Case,* 321 Mass. 344, it was held that the date of the injury marked the time that the dependents' cause of action arose and that their right to compensation originated at that time. The court stated at page 347: "But even if the right of the dependents to compensation may be said to be separate from and not derived from the right of the injured employee to compensation, yet it is important to have in mind that the rights of each originate in the same injury. The injury is not only the common ground but the only one upon which an award of compensation may be founded. It is the compensable injury resulting in death that furnishes the basis for an award of compensation to dependents. It is such an injury rather than the death for which compensation is awarded."

In *Biederzycki* v. *Farrel Foundry & Machine Co.,* 103 Conn. 701, the court held on facts not unlike those in the case at bar that when once compensable injury was found it was to be accepted in a later proceeding for dependency compensation as finally found. There an employee was found to have been injured by an accident arising out of and in the course of his employment and he was awarded compensation. Thereafter the employee died, whereupon his widow applied for compensation as his dependent and relied upon the prior proceeding as proof of the compensability of her husband's injury. The employer contended that such question should be retried, as the widow's claim

was separate and distinct from her husband's. The court rejected the contention, stating at page 705: "All that the dependent must prove are, the employee's death, the dependence, and the causal connection between the injury for which the employee was awarded, or was entitled to have been awarded, compensation, and the death."

In the case at bar we are of the opinion that nothing more was required of the petitioner and that the trial justice erred in refusing to accept as final and conclusive the finding in the prior proceeding that the injury of March 22, 1950 was the proximate cause of the coronary occlusion of March 25, 1950. Since, according to the trial justice's rescript, all the other necessary elements of her case were not controverted by respondent, petitioner is entitled to an award of compensation as provided in §6.

Before concluding we may observe that our holding here is not contrary to *American Woolen Co.* v. *Grillini,* 78 R. I. 50. The respondent has sought to draw therefrom some support for its position in the instant case that the employee's right to compensation for his injury and the dependent's right to compensation for his death from such injury are so totally distinct and separate as to preclude the application of the doctrine of res judicata. That case was different in that it did not involve a proceeding by a widow for dependent's compensation under §6, or any contention that causal connection was an open question.

In other words the question presented here did not arise in that case. There the employee had been awarded compensation for his injury and received full payment thereof up to the date of his death. Thereafter the widow brought a petition to adjudge the employer in contempt for not continuing payments of such compensation to her until it proved that her husband had not died of his injury. The employer claimed that its obligation to continue paying compensation ceased at his death. All that we decided was that the widow was not a party to her husband's proceeding

for compensation for his injury and that the agreement of the employer to pay such compensation had terminated at his death. Therefore, we held that she had no standing to bring a petition therein to adjudge the employer in contempt of the decree in that case for not continuing to pay such compensation to her. Clearly the issue involved there was not the same as the one here.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the parties may present for our approval a form of decree, in accordance with this opinion, for entry by the workmen's compensation commission and for further proceedings.

*A. Norman LaSalle, John L. McElroy,* for petitioner.

*Boss & Conlan, John T. Keenan,* for respondent.