PROCTOR AND DEPENDENTS *v.* INGALLS SHIPBUILDING CORP.

No. 43821 February 21, 1966 183 So. 2d 483

*Alton Massey,* Kosciusko, for appellant.

*White* & *White,* Gulfport, for appellees.

JONES, J.

This suit by dependents for death benefits under the Workmen's Compensation Act on account of an alleged injury, which it is charged later caused the death of the husband and father, comes here from the Circuit Court of Jackson County which affirmed an order of the Commission denying benefits. We affirm.

We believe it is unnecessary to discuss any issue presented other than that of *res judicata* which arises from these facts:

During 1961 Samuel A. Proctor filed claim for disability benefits because of an injury said to have been received by him in the course and scope of his employment by Ingalls. The claim was contested and after a full hearing the attorney referee in May 1962 entered an order awarding compensation. On appeal to the Full Commission, it denied compensation and dismissed the claim, finding the overwhelming weight of the credible testimony disclosed claimant did not sustain an accidental injury arising out of and in the course and scope of his employment. On appeal to the Circuit Court of Jackson County, after argument and consideration of the record, the Commission's order was affirmed.

The claim was then appealed to this Court. Before hearing here, the parties requested this Court to dismiss the appeal and remand the case to the Circuit Court of Jackson County from whence it came, where, on due petition and order, a settlement was made with claimant and his wife. The adjudications and orders made prior thereto remained unaltered.

When the present claim was filed, after the death of Samuel A. Proctor, the employer and its carrier pled the foregoing facts as *res judicata* of the issue here.

The attorney referee, after hearing this plea, entered his order dismissing the claim and finding:

This claim has been heard in full and denied on its merits. This matter was fully explored on its merits,

with both sides introducing numerous lay and medical witnesses. The Full Commission, based on the record and including the depositions, denied compensation and such denial was affirmed by the Circuit Court of Jackson County, Mississippi. The claimant has not performed any work for Ingalls Shipbuilding Corporation since August 1959. This is a claim for death benefits on an injury which has been held to be noncompensable under the Mississippi Workmen's Compensation Act, as amended.

From this order of the attorney referee dismissing the present claim the matter was appealed to the Full Commission which affirmed the attorney referee. The order of the Commission was affirmed by the circuit court, and the case is now here.

Our compensation law, Mississippi Code Annotated section 6998-04 (1956), provides in part:

Compensation shall be payable for disability or death of an employee from injury arising out of and in the course of employment . . .

The section "Compensation for Death," Mississippi Code Annotated section 6998-13 (1956), begins:

If the injury causes death, the compensation shall be known as death benefit . . .

 █ It is apparent that the death must result from an injury such as mentioned in section 6998-04 *supra*: that is, one "arising out of and in the course of employment."

The fact that such an injury produced the disability or death, whichever is involved, is essential to recovery. If claimant had never presented his claim and there had been no hearing and adjudication of whether decedent's injury had arisen out of and in the course of his employment, the dependents here would have been required to prove that it had. The question is whether after such fact has been adjudicated against the employee, his dependents can re-litigate same after his

death. A similar issue would be presented, if this question had, after hearing, been adjudicated in favor of the employee and after his death, the employer and his carrier in defending against the claim of the dependents would seek relitigation of this fact.

In Larson, Workmen's Compensation Law section 64.10 (1952), the writer discusses the independence of the claim of dependents from that of the employee and states:

> The most striking consequence of the independent status or dependency rights is the rule, accepted by the majority of jurisdictions, that an adverse decision on the merits of a claim by the employee while he was alive does not bar a dependency claim under the doctrine of res adjudicata, since the parties and rights involved are different, and since the dependent is not in privity with the injured employee as to the rights asserted by him.

 ██ This is a new question in Mississippi; but, regardless of the majority of opinions, if such be true, we are of opinion the sounder rule is to prevent re-litigation of questions already fully litigated. Certainly, all parties are involved and necessarily so in the manner in which the injury is received.

 ██ The dependents necessarily must prove dependency and that upon the injured employee, where same is not conclusively presumed. If they are not dependent, they do not recover. If the employee does not die as a result of an injury arising out of and in the course of employment, they do not recover.

We adopt the reasoning of the following cases to sustain the plea and affirm the case.

In Card v. Lloyd Mfg. Co., Inc., 82 R. I. 182, 107 A. 2d 297 (1954), the Rhode Island Supreme Court held that in a case similar to this the plea of *res judicata* applied. There the court stated and reasoned as follows:

The question is one of novel impression in this state. In England it was apparently settled many years ago, while the workmen's compensation act there was in its infancy, that the right to compensation thereby given to dependents was separate from and independent of that given to the workman. Williams v. Vauxhall Colliery Co., Ltd., (1907) 2 K. B. 433. Thereafter the English courts appear to have uniformly held that because of that fact the decision of an issue in a workman's proceeding for compensation could not be pleaded as res judicata of the same issue in a later proceeding for dependent's compensation. Howell v. Bradford & Co., 104 L.T. 433; Tucker v. Oldbury Urban District Council, 5 B.W.C.C. 296; Manton v. Cantwell, 13 B.W.C.C. 55; Harper v. Dick, Kerr & Co., 13 B.W.C.C. 250.

In the United States among the courts of last resort which have passed upon the question there is a pronounced split of authority. The following cases cited and relied upon by respondent to support the trial justice's decision substantially adopt the reasons of the English cases and hold the doctrine of res judicata inapplicable. Industrial Comm. v. Davis, 126 Ohio St. 593, 186 N. E. 505, 88 A.L.R. 1175; Wray v. Carolina Cotton & Woolen Mills Co., 205 N. C. 782, 172 S. E. 487; Laird v. State Highway Dept., 112 Vt. 67, 20 A. 2d 555. The following recent cases are relied upon by petitioner for the contrary view. Hagerman v. Lewis Lumber Co., 13 N. J. 315, 99 A. 2d 513; Lanning v. Erie R. Co., 265 App. Div. 576, 40 N.Y.S. 2d 404, affirmed 291 N. Y. 688, 52 N. E. 2d 587; Bell v. Batesville White Lime Co., 217 Ark. 379, 230 S. W. 2d 643. Other cases have been cited and discussed by the parties in their briefs but they need not be mentioned here, since the above cases sufficiently illustrate the division of authority and the nature of the reasons upon which it is based.

.After careful consideration of all the cases cited as well as others not cited by either party, we are of the opinion that those cases relied on by petitioner state the better view. At least such view is more consonant with our conception of the nature of the rights to compensation that the legislature intended to grant by virtue of the provisions therefor in our act. In our opinion those rights are not so entirely separate and distinct from each other that they may be considered different causes of action. On the contrary, while the rights to receive compensation are different they are based upon one and the same cause of action, namely, the sustaining by the employee of a compensable injury. So closely and intimately is a dependent's right to compensation tied together with the employee's right to compensation therefor that each has been held to arise at the same time so that only those who were his dependents at the time of his injury are entitled to claim compensation for his death therefrom. Newton v. Rhode Island Co., 42 R. I. 58, 105 A. 363.

In other words it is the injury that results in death which gives rise to the dependent's cause of action and determines who are the proper parties to prosecute the right to compensation. In this aspect of the matter the employee and his dependent have a community of interest. Unless and until it is established that the employee suffered a compensable injury neither of them is entitled to compensation. When once that fact is established the right to compensation *for the injury* accrues to the employee and *if he dies of such injury* it is in effect continued in favor of his dependent. 82 R.I. at 185-87, 107 A. 2d at 298-99.

In Di Pietro v. Mayor and City Council of Baltimore, 179 Md. 220, 17 A. 2d 140 (1941), from the Court of Appeals of Maryland, the syllabus is:

*Workmen's compensation*

A judgment of Baltimore City Court affirming an order of Industrial Accident Commission denying employee's claim for compensation on ground that employee had not sustained an injury arising out of and in the course of his employment was 'res judicata' of employer's liability, upon appeal to Court of Appeals being abandoned, and precluded claim, after employee's death, by his widow based on same injury.

The Court in the opinion stated:

The appellee's contention is that, it having been first decided by the Accident Commission and on appeal by the City Court that Louis Di Pietro was not entitled to compensation for his alleged injuries, that the question of the employer's liability is foreclosed, and the appellant estopped from asserting a claim based on the same injury. In other words, the rule of res judicata applies. There are several decisions in other jurisdictions which support this position. Ek v. Department of Labor and Industries, 181 Wash. 91, 41 P. 2d 1097; Besonen v. Campbell, 243 Mich. 209, 220 N. W. 301; Lewin Metals Corp. v. Indus. Comm., 360 Ill. 371, 196 N. E. 482; Siberry v. National Sulphur Co., 117 N.J.L. 200, 187 A. 567; Naud v. King Sewing Machine Co., 95 Misc. 676, 159 N.Y.S. 910; Martin v. White Pine Lumber Co., 34 N. M. 483, 284 P. 115; Texas Indemnity Ins. Co. v. Dill, Tex. Civ. App., 42 S. W. 2d 1059.

. . .

On precedent and authority, we, therefore, are constrained to say the order appealed from should be affirmed. 179 Md. at 223, 17 A. 2d at 141.

In Bell v. Batesville White Lime Co., 217 Ark. 379, 230 S. W. 2d 643 (1950), the Arkansas Supreme Court held:

We believe the better reasoned cases to be those holding that a decision rendered during the employee's lifetime upon his assertion of compensable disability

is binding when his dependents raise the same issue after his death. On this point an excellent opinion was handed down in Lanning v. Erie R. Co., 265 App. Div. 576, 40 N.Y.S. 2d 404, 405, affirmed without opinion, 291 N.Y. 688, 52 N. E. 2d 587. There the employer contested the employee's claim upon the ground that he was engaged in interstate commerce when the injury took place. The Board rejected that defense and allowed compensation. The injury led to the employee's death, and in a proceeding brought by his widow the employer offered the same defense. In holding that this issue was concluded by the first adjudication the court said: 'The railroad was not entitled to litigate a second time the issue of interstate commerce. It had its day in court on that question. While there is not an exact identity of parties, the decedent's claim for disability compensation and his widow's claim for death benefits both spring from the same accident and injury and they must * * * stand or fall upon the determination of the issue of interstate commerce. This issue was proffered by the railroad and determined against it on the original claim by Lanning. * * * Close analogy to the present situation is found in the statutory action for wrongful death. A judgment for or against a decedent in his lifetime * * * is a bar to a later action for his wrongful death. Collins v. Hall, 117 Fla. 282, 157 So. 646, 99 A.L.R. 1086. The foundation in each instance is the same wrongful act and once the underlying issues as to such act have been determined against a party he has no right to a second hearing on those same identical questions.' To the same effect, except that the first decision had been adverse to the employee, is Ek v. Dep't of Labor and Industries, 181 Wash. 91, 41 P. 2d 1097.

In the case at bar the evidence upon the issues still left open by the rule of res judicata is not in

conflict. It was determined in the first proceeding that Bell suffered an accidental injury which activated his dormant heart condition. That issue is not subject to reconsideration. . . . 217 Ark. at 381-82, 230 S. W. 2d at 644-45.

This case is affirmed.

Affirmed.

*Ethridge, C. J., and Rodgers, Inzer and Robertson, JJ.,* concur.