RODGERS, Justice:
William Scott Evans, Sr., died on January 4, 1967. He had been employed as a truck driver for the appellant, Knox Glass Company, until March 1964 when his heart condition became so severe that he was unable to do his work. He had been hospitalized prior to his release because of his condition. When he retired he filed a claim for workmen’s compensation based upon an alleged heart attack growing out of his employment while he was operating a truck on a trip to Florida in 1961. This case was decided adversely to the claim of William Scott Evans, Sr., and was affirmed on appeal to this Court. See: Knox Glass, Inc. v. Evans, 197 So.2d 784 (Miss.1967).
After the death of her husband, Mrs. Evans filed a workmen’s compensation claim form B-5,11 seeking workmen’s compensation on behalf of herself and daughter, Susan Ann, as dependents of the deceased William Scott Evans, Sr. Their claim is based upon the heart attack episode which occurred to the deceased on his trip to Florida in 1961. It is the contention of the dependent appellees (1) that the statute of limitations did not begin to run against their claim for compensation until the death of William Scott Evans, Sr., and (2) that the previous claim of the deceased for workmen’s compensation is not a bar, nor res adjudicata, against the claim of the dependent appellees.
The attorney referee and the Workmen’s Compensation Commission held that the conflicting evidence offered was insufficient to establish that the “disability and death of William Scott Evans, Sr., was related to the activities of his employment.” On appeal to the circuit court the circuit judge reversed the order of the Workmen’s Compensation Commission and remanded the case to the Commission. The employer and insurance carrier have appealed to this Court.
We are of the opinion that the Workmen’s Compensation Commission was correct in its holding that the appellees could not recover workmen’s compensation benefits, alleged to have occurred as the result of William Scott Evans, Sr.’s, employment, for the following reasons.
First: The facts in the former Evans case, supra, (197 So.2d 784) show that the claim of Mr. Evans was based upon the allegation that in February 1961 the employee experienced a myocardial infarction while on a trip to Florida. On his return to Jackson, Mississippi, he was admitted to the hospital and it was discovered that he was suffering from arteriosclerotic heart disease. He returned to work in September 1961, and after making several trips for the company, he was again hospitalized. In 1964 it was discovered that Mr. Evans had an enlarged heart. He worked regularly, except while he was hospitalized. The record shows that there was only one occasion when it appeared that there was an onset which indicated that Mr. Evans sustained a work connected injury. We held that although Section 6998-18 Mississippi Code 1942 Annotated (1952) requires a claim to be filed within two years,
* * * It (was) is unnecessary for us to consider this legal requirement, however, since the proof is (was) insufficient to show that appellee actually sustained a work-connected injury within the meaning of the workmen’s compensation act. * * * (197 So.2d at 787)
It is apparent that the very question now presented by the dependents of Mr. Evans was litigated in the former case. In the *91 instant case the judgment of this Court in the former action is a bar to the present claim of the dependents.
In Proctor v. Ingalls Shipbuilding Coporation, 254 Miss. 907, 183 So.2d 483 (1966), we said, among other things:
This is a new question in Mississippi; but, regardless of the majority of opinions, if such be true, we are of opinion the sounder rule is to prevent re-litigation * * *.
******
* * * If the employee does not die as a result of an injury arising out of and in the course of employment, they (dependents) do not recover. (183 So.2d at 485)
Second: Assuming that the dependents of a deceased workman have an independent action for workmen’s compensation benefits on facts not previously litigated, in the instant case, however, the evidence as to the work connected disability of the deceased “arising out of and in the course of (his) employment” is in conflict. Without repeating the evidence, it will suffice to say that some doctors testified that his diseased condition was aggravated by his work as a truck driver. Others were just as positive that his work did not aggravate or accelerate his diseased condition. It may appear obvious to an ordinary layman that a man with an enlarged heart will injure himself if his work requires him to climb up and down into and out of the cab of a truck in performing his duties, but that issue is an issue of fact to be determined by the Workmen’s Compensation Commission.
We cannot say that the Workmen’s Compensation Commission’s finding of fact was against the great weight of the evidence in the instant case. For the foregoing reasons we reverse the judgment of the circuit court and reinstate the order of the Workmen’s Compensation Commission denying compensation benefits to the appel-lees.
Reversed and rendered.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.