317 So.2d 373 (1975)
NORTH MISSISSIPPI MEDICAL CENTER, and United States Fidelity & Guaranty Co.
v.
Vivian Venell HENTON.
No. 48107.
Supreme Court of Mississippi.
July 7, 1975.
Scribner, Brewer & Soper, Tupelo, for appellants.
William S. Lawson, Tupelo, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
BROOM, Justice:
The Medical Center, employer, and its carrier, United States Fidelity & Guaranty Company, appeal from a judgment of the *374 Lee County Circuit Court. The judgment reversed an order of the Mississippi Workmen's Compensation Commission and reinstated the attorney referee's order, dated April 24, 1973, awarding Workmen's Compensation benefits to Vivian Venell Henton. We reverse.
The chief issue is: Was there sufficient evidence of a change in conditions to warrant the reopening of the case and the issuance of a new compensation award?
Appellee, claimant, Vivian Venell Henton, filed an application for Workmen's Compensation benefits against the appellants on August 20, 1971. In her application she claimed that on December 21, 1970, she was employed by North Mississippi Medical Center, and while working as a nurses' aide (transferring a patient from a bed to a stretcher) suffered a ruptured disc. Responding to the claimant's application, appellants denied that the claimant sustained any permanent disability, and averred that the claimant's disability, if any, was due, solely, to a preexisting condition or, in the alternative, that the preexisting condition was a material contributing factor to the disability alleged.
A hearing was held and medical testimony was received that the appellee (claimant) had sustained back injuries and had a fifteen percent permanent partial disability. According to the order of the attorney referee, dated April 26, 1972, appellants were ordered to pay appellee temporary total disability compensation for the period of January 13, 1971, to March 28, 1971. No award for permanent disability was allowed because no loss of wage earning capacity was shown "as a result of her said injury," although permanent, partial disability was, according to the attorney referee's finding, established by the medical evidence. Upon appellee's petition, the commission reviewed and affirmed the order of the attorney referee, and no appeal was taken from the final order of the commission.
On February 1, 1973, the appellee (claimant) filed a petition with the Workmen's Compensation Commission to reopen on the ground of change in conditions, pursuant to Mississippi Code Annotated section 71-3-53 (1972), often referred to as section 21 of the Mississippi Workmen's Compensation Act. In her petition to reopen, she alleged that at the previous hearing testimony was received that her job at the North Mississippi Medical Center was open to her, and that after the hearing her application for resumption of her employment with the Medical Center was refused. She also alleged that she is unable to obtain any employment commensurate with her work experience, education, and training, because of her history of back surgery. The appellants' answer to the petition generally denied the allegations of the petition, and stated that there had not been any material change of conditions since the date of the Workmen's Compensation order.
At a hearing on the petition to reopen, several lay witnesses (including appellee) testified in appellee's behalf regarding the type of work required to be performed by a nurses' aide. It was shown that the appellee had called regarding job applications at various places of potential employment, and she was told that her position at the Medical Center was no longer open to her for immediate employment.
An order requiring the payment of compensation for permanent partial disability was issued by the attorney referee. The appellants petitioned the commission for review of the attorney referee's order and the appellee cross-appealed alleging that the attorney referee erred in not awarding her total disability benefits. The commission overruled the attorney referee, and held that there was no error in the determination of fact in the attorney referee's original order, dated April 26, 1972. It further held that there had not been any change in conditions subsequent to the attorney referee's order. The appellee *375 (claimant) appealed the order of the Workmen's Compensation Commission to the circuit court, which reversed the Workmen's Compensation Commission and reinstated the order of the attorney referee, dated April 24, 1973.

I.
Appellants contend that there was not sufficient proof of a change in conditions to warrant the circuit court's reversal of the commission's findings denying the appellee's claim to benefits in her petition to reopen. The commission's order held that a change of conditions must be supported by an actual physical change in the condition of the injured employee, and that the term was not intended to include "merely a change in the employment status or change in position of the employer as to the disability or value of the continued employment of the injured employee." The circuit court, in its reversal of the commission's order, noted that the term "change of conditions" encompassed more than just a change in physical conditions, and that the term could also include a change in employment conditions.
Decisions and awards of the Mississippi Workmen's Compensation Commission may be reviewed by the commission within its sound discretion pursuant to Mississippi Code Annotated section 71-3-53 (1972). Upon proper proof of "change of conditions" or "mistake in the determination" of facts, the commission must not abuse its discretion or arbitrarily refuse to reopen and review a case pursuant to that statute which provides, in part, that:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in the determination of facts, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. (Miss.Code Annot. § 71-3-53 (1972)).
A change in conditions is usually considered to mean a change in physical conditions due to the original injury which affects an employee's earning capacity or ability to work. 101 C.J.S. Workmen's Compensation § 854c (1958). A change in the claimant's ability to get or to hold employment or to maintain prior economic levels is by one outstanding text writer also considered to be a change in condition, even though the physical condition may remain unchanged. 3 Larson, Workmen's Compensation Law § 81.31 (1973).

II.
The burden of proof for showing a change in conditions is on the party, whether claimant or employer, asserting the change. Larson, supra, at § 81.33. If a party cannot establish by a preponderance of the evidence that the claimant's condition has changed, then the petition to reopen should be denied and the original order maintained.
In examining the record in this case, it is noted that at the hearing on the claimant's petition to reopen, no additional medical evidence was presented which would support a finding that there had been a change in the claimant's physical condition. Additionally, the claimant did not establish that she had been refused employment because of her disability. Testimony was presented which showed that she had called about job applications with various employers in her area, but the testimony did not establish that she had actually been rejected by these employers, or (more importantly) that she had been rejected because of her disability. Moreover, the testimony presented concerning her job or position at *376 the Medical Center did not establish that she was refused employment because of her back condition. The appellee was merely told that there were no positions available at that time, and that her position which had been vacated for over a year since the hearing, was no longer open to her for immediate employment.
Counsel for appellant orally argued that the mere fact that there had been no award of compensation by the commission when the record showed a fifteen percent permanent partial disability makes it transparent that the commission abused its discretion by refusing to reopen the case. We reject this argument and point out that an application to reopen a Workmen's Compensation case under Mississippi Code Annotated section 71-3-53 (1972), is not to be used as a substitute for the right of appeal as was attempted here. If such a procedure were to be allowed, a claimant would in effect have two trials rather than one. Our interpretation of the act is that the legislature did not intend that a claimant could employ this statute as a strategy or device to gain a second day in court.
Without substantial proof to establish that the claimant was rejected for employment or refused employment because of her disability, we are unable to say the commission abused its discretion when it denied the petition to reopen due to a change in conditions, pursuant to Mississippi Code Annotated section 71-3-53 (1972). Therefore, the order of the circuit court should be reversed, and the order of the Mississippi Workmen's Compensation Commission which reinstated the attorney referee's order, dated April 26, 1972, should be reinstated.
Reversed on direct appeal and order of commission reinstated; affirmed on cross-appeal.
GILLESPIE, C.J., RODGERS, P.J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.