CARLTON, J.,
dissenting:
¶ 17. I respectfully, dissent from the majority’s decision to “reverse the Commission’s order and remand for the Commission to determine1 if Smith established the necessary change in condition to reopen her claim and, if so, whether it should exercise its discretionary authority and reopen her claim.” I concur with the decision below by the Commission finding that Smith’s request to reopen her claim is barred by the doctrine of res judicata.[4] *878 The record reflects that Smith attempted to substitute an application to reopen her claim as an appeal from a previously adjudicated claim wherein the Commission issued a final order in 2004 without an appeal.
¶ 18. In applying the doctrine of res judicata, the Commission found that the June 3, 2004 final order of the AJ determined that Smith suffered a significant industrial loss of use of her right upper extremity, and that in the same June 3, 2004 order, the AJ found “the record, as a whole, does not support a finding of permanent and total disability.” The Commission acknowledged that since neither party appealed the 2004 decision of the AJ, the June 2004 final order of the AJ. became a final order of the Commission, pursuant to Mississippi Workers’ Compensation Commission Procedural Rule 10.[5] The Commission further provided that Smith’s instant claim for permanent and total disability was previously adjudicated, as established by the 2004 order rejecting Smith’s contention that she was permanently and totally disabled as a result of her right-shoulder injury. The Commission found that the 2004 order instead awarded Smith total industrial loss of use of the right upper extremity.
¶ 19. Since the date of the June 2004 order, the Commission observed that Smith had continued to receive benefits, and the employer/carrier continued to pay, to present date, for medical treatment for her right shoulder. The Commission thus found Smith’s current claim for permanent and total disability to be barred by res judicata. Instructively, the Commission further explained Smith misplaced her reliance on Mississippi Code Annotated section 71-3-53 (Rev.2011) as authority for her instant action.[6]
¶ 20. The Commission found section 71-3-53 inapplicable.[7] The Commission explained that section 71-3-53 requires one of two occurrences to trigger the limitations period in a claim. Section 71-3-53 states:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previ *879 ously paid, except that an award increasing the compensation rate may be made effective from the date of the injury; and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the commission.
(Emphasis added). The Commission explained that to trigger the statutory time period wherein a claim may be reopened, the statute requires either a “last payment of compensation” or a “rejection of a claim.” The Commission acknowledged that neither requirement'occurred in this case,[8] since Smith was still receiving compensation payments and since her claim was not adjudicated or rejected. The Commission provided that since neither of the two statutory conditions had occurred, then the statute failed to apply to allow the instant attempt by Smith to reopen her claim.
¶21. With respect to the rejection of the claim, the Commission found that Smith’s claims for total and permanent disability were not rejected, and that her claim was allowed to proceed to a hearing before an AJ where she was awarded benefits in 2004 based upon the injury to her right shoulder. Therefore, no last payment or rejection of a claim occurred to trigger the commencement of the one-year statute-of-limitations period as required by section 71-3-53. See Empire Home Builders v. Guthrie, 187 So.2d 17, 18-19 (Miss.1966) (one-year limitation period does not begin until notice is given to the claimant by the filing of a Form B-31 with the Commission on behalf of the employer).
¶22. Regarding last payment of compensation, the Commission found that “medical benefits had been provided by the Employer/Carrier sin.ee the date of the AJ’s order; and the Commission found that no Form B-31 had. been filed indicating the final or ‘last payment of compensation’ in the claim.” Citing ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 46 (¶11) (Miss. 1999), the Commission explained that “[sjection 71-3-53 operated in conjunction with [Mississippi Code Annotated section] 71-3-37(7) [ (Rev.2011) ] ..., which allows a case to be closed only after the employer has given notice to the employee by a form prescribed by the Commission.”[9] The Commission thén provided that without final payment of compensation or rejection of the claims, section 71-3-53 fails to apply to allow Smith’s instant claim be reopened before the Commission.[10] See Bradley & *880 Thompson, Mississippi Workers’ Compensation § 7:2o.[11]
¶23. As discussed, the Commission’s decision found Smith’s instant claim barred by res judicata, and the Commission explained that Smith was previously determined by a 2004 final order to not be permanently and totally disabled with regard. to her right-shoulder injury. The Commission explained that “the [AJ] determined that Smith sustained 100 [percent] loss of industrial use to her right upper extremity!,]” but the AJ also found that Smith “was not permanently and totally disabled as a result of the right shoulder injury.” The Commission provided that even though Smith filed no appeal from the order of the AJ, she nonetheless now attempts to relitigate her permanent-disability ' claim.[12] I respectfully submit that the record and the applicable law supports the Commission’s determination that Smith’s claim for permanent and total disability has already been adjudicated and determined in 2004. Smith raised no appeal from that 2004 order and, as discussed, that 2004 order became the final order of the Commission. The Commission found that “[e]xcept to the extent that section 71-3-58 provides otherwise, the doctrine of res judicata applies in [workers’] compensation cases[,] as in other cases, if the prerequisites for such exist.” (Citing Knox Glass Co. v. Evans’ Dependents, 246 So.2d 89, 90-91 (Miss.1971); Consumer Disc. Store v. Warren, 221 So.2d 112, 112 (Miss.1969); Proctor v. Ingalls Shipbuilding Corp., 254 Miss. 907, 915, 183 So.2d 483, 486 (1966)). The Commission, citing Fleming Enterprises Inc. v. Henderson, 741 So.2d 309, 314-15 (¶19) (Miss.Ct.App.1999), explained that “an [AJ’s] order that is riot timely appealed is final and conclusive as to the issues adjudicated.”
¶24. I respectfully submit that the Commission astutely recognized that since the instant claim was previously adjudicated by the AJ and also fails to fall within the requirements of section 71-3-53, then “the doctrine of res judicata prevents the reopening of the exact issue previously adjudicated-by the:[AJ].” Smith’s reliance on section 71-3-53 is misplaced, as this statute is not an alternative or substitute for a timely appeal of a decision by the AJ or the Commission.

. In North Mississippi Medical Center v. Henton, 317 So.2d 373, 376 (Miss.1975), the supreme court held that an application to reopen a workers' compensation case may not be used as a substitute for an appeal. In Henton, the supreme court ultimately found that no abuse pf discretion occurred where the Commission refused to reopen the case due to an alleged change of conditions. Id..; see also Rea v. Foamex, 133 So.3d 855, 860-61 (¶¶ 25-26) (Miss.Ct.App.2013).

. See Miss.Code Ann. § 71-3-47 (Rev.2011) (statutory authority for the Commission rules to determine practice and procedure in settlement and adjudication of claims before the Commission).

. See John R. Bradley & Linda R. Thompson, Mississippi Workers' Compensation § 7:14 (Thompson-West 2012) (providing that "the one-year limitations provision of [section] 71-3-53 operates in conjunction with [Mississippi Code Annotated section] 71-3-37(7) [ (Rev. 2011)] and the Commission’s Procedural Rule 17 and Form B-31. Form B-31 is specified in Rule 17 as the notice which is required before closing a matter as called for in [section] 71-3-37(7). The statute allows for a matter to be reopened at [the] Commission's initiative or on [the] motion of any party in interest during a given one-year period.”).

.See Mis.s. Workers’ Comp. Comm’n Proc. Rule 17; see also McLemore v. Jackson Tile Mfg. Co., 252 So.2d 781, 782-83 (Miss.1971) (addressing application of Rule 17 and finding that the statute authorizing a claim to be reopened for a .mistake of fact or changed condition must be read with the statute requiring final notice by filing a. Form B-31 and final payment).

. See City of Kosciusko v. Graham, 419 So.2d 1005, 1008-09 (Miss.1982) (finding a claim for further disability benefits barred where continued medical services to the claimant meant no Form B-31 was filed, and the one-year limitation period had not begun to run); see also Henton, 317 So.2d at 376 (statutory reopening and review procedures fail to provide an alternative to normal review and appeal procedures).

. See McLemore, 252 So.2d at 783-84; Miss. Workers’ Comp. Comm’n Proc. Rule 17.

.I note that section 71-3-53 allows review of a compensation case and issuance of a new compensation order that may terminate', continue, reinstate, increase, or decrease such compensation or award compensation one year after date of the fast payment of compensation. In this case, no rejection of claim occurred, and therefore, that statutory trigger is inapplicable to the analysis of this case.

. Bradley & Thompson, Mississippi Workers' Compensation section 7:20 provides:
Section 71-3-53 contains language of express authorization for supervision and further action by the commission during the one year "after date of tire last payment of compensation whether or not a compensation order has been issued[.]” Such reopening has been recognized as proper after voluntary payments and also after payment following an award. The language "after date of the last payment of compensation” is a term of art. . .

. The Commission also provided that in so holding, it would "not preclude consideration of the claims involving future compensable consequences such as a claimant subsequently injured en -route to medical treatment for the [workers’] compensation injury.” See Charles N. Clark Assocs. v. Robinson's Dependents, 357 So.2d 924, 928-29 (Miss.1978).