FRENCH *v.* JONESBORO PUBLIC SCHOOLS.

5-2470                                                     349 S. W. 2d 670

Opinion delivered September 25, 1961.

[Rehearing denied October 23, 1961.]

*H. M. Ellis* and *Bon McCourtney,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case growing out of a heart attack which was compensable and another heart attack about a year later which was fatal. The Referee, the Commis-

sion, and the Circuit Court all held that the widow of the deceased was not entitled to compensation, and she prosecutes this appeal for a reversal of the judgment of the Circuit Court.

Because of the view which we take and the conclusion reached it will not be necessary to consider many of the issues discussed in the brief or to set out fully the testimony which was predominantly medical testimony.

*Facts.* The following background facts are either stipulated, admitted, or uncontradicted: Riley L. French, who was an employee (janitor) of the Jonesboro Public Schools, collapsed with a heart attack (myocardial infarction) on February 22, 1959. French previously had been afflicted with an arteriosclerotic heart disease, but his collapse on the day in question was precipitated, aggravated, or accelerated by physical exertion in connection with his employment. Appellee (Aetna Casualty & Surety Company, the insurance carrier), apparently recognizing the attack grew out of and was in the course of his employment, acknowledged compensability of French's claim and made payments to him up until March 7, 1960. In the intervening time French experienced frequent pains and was unable to work. On the date last mentioned above French suffered a fatal heart attack. The disease which precipitated the fatal occlusion was the same as the disease which French had in February, 1959.

*The Issue.* Under the view we take in this case the decisive issue is a narrow one as posed in *Bell* v. *Batesville White Lime Company,* 217 Ark. 379, 230 S. W. 2d 643.

Bell, who had suffered a compensable heart attack in 1945, was awarded compensation until his death in 1948. The trial court affirmed the Commission in denying compensation to Bell's widow and children. In reversing the trial court we made the following decisive statements: "It was determined in the first proceeding [1945] that Bell suffered an accidental injury which activated his dormant heart condition. That issue is not

subject to reconsideration. All that remains to be decided is whether Bell's rheumatic heart was the cause of his death, and, if so, whether death occurred sooner than it would have had his ailment not been activated by his employment.''

Applying the above rule to the facts of this case as heretofore set out, we think the decisive issue is whether French's death (on March 7, 1960) occurred sooner than it would have had he not suffered the compensable injury on February 22, 1959.

The Referee, whose findings were approved by the full Commission, made a finding on this issue, stating: ''Claimant's death therefore did not come any sooner than it would have, had the first infarction not occurred.''

It remains for us, therefore, to determine if there is substantial evidence in the record to support the Commission's finding, following our well established rule. The evidence in this connection is based solely on medical testimony, some tending to support and some tending to refute the Commission's finding. In briefly reviewing the record we understand that when doctors say there was no relation or connection between the first attack and the fatal attack, it amounts to saying death was not hastened by the first attack.

Dr. Bascom P. Raney, in substance, stated: the second attack was not a result of the first attack; one heart attack would not produce another one; our problem is to determine whether the first attack contributed to the second one, and it is my opinion that the first heart attack did not contribute to the second one; actually French's death came about due to the fact that his heart was unable to withstand the shock of the second infarction due to prior damage.

Dr. W. M. Hamilton testified that the second attack (or infarction) was not related to the first one, but that the first infarction may have hastened French's death in that it decreased the ability of the heart to tolerate the second infarction; if a person has a damaged heart

and suffers another blow to his heart he is not going to be as well able to tolerate this recent blow as he would have if he had never had any heart trouble.

Q "Therefore, the first is a contributing factor in death?

A "I wouldn't say contributing, I would say that, that it seems logical that his heart muscle is not as strong, I think anybody —

Q "And it cannot withstand —

A "Will not withstand as much exertion or further trauma or further damage or whatever.

Q "Let's put it this way, and that in all probability the first was a contributing factor in the production of death?

A "I think it could be."

\* \* \*

Q "All right, now, Doctor, with the information that you have at this point, can you state from scientific evidence available that Mr. French's death was not due to or contributed to by the first infarction?

A "I can't say it was for sure nor it wasn't for sure."

Under the above status of the medical testimony it is obvious that there is no satisfactory certainty on the one vital issue heretofore mentioned. While we might not agree with the Commission's finding, we are unwilling to say there is no substantial evidence to support it.

Although it is not an issue in this case, we point out that Appellee school district apparently brought itself under the Workmen's Compensation Act pursuant to Ark. Stats., § 81-1307.

Affirmed.