MINOR *v.* POINSETT LUMBER & MFG. Co.

5-2728                                                357 S. W. 2d 504

Opinion delivered May 28, 1962.

196

*Ward & Lady,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

PAUL WARD, Associate Justice. This is a Workmen's Compensation case. Appellant received compensable injuries in April, July and October, 1960, while in the employment of appellee. He was allowed compensation through November 21, 1960. Since December 2, 1960 appellant has been unable to work, and the Commission and the circuit court held he was not entitled to further compensation. Hence, this appeal.

Generally stated, the pertinent factual circumstances are substantially as presently set forth. Appellant, who is married, began working for appellee late in 1959, after he had been given a physical examination. For several years prior to that time he was nervous and at times he was mentally disturbed. Because of this condition, and not primarily because of his physical condition, it was thought best not to have appellant testify. For that reason, no doubt, the record does not contain a detailed account of how the accidents occurred or the extent of the injuries. However, from statements made by appellant to the doctors and others, the following general picture emerges.

On April 20, 1960 appellant was injured when he fell from a tractor. His back was hurt, and he also complained of trouble with his eyes. He was examined by a doctor and after a four days' layoff, he returned to

work. This injury was accepted by appellee as compensable.

Again, on July 27, 1960, appellant suffered another compensable injury which the referee said may have aggravated the injury of April 20, 1960. At any rate, appellant was off from work until October 18, 1960.

On the day following his return to work, appellant, while going to lunch, was struck by a car, and received still another compensable injury which, apparently, was more severe than the other two. Allegedly he was thrown upon the front of the automobile with such force that his head broke (or cracked) the windshield. At any rate, it is admitted that appellant received a large severe bruise on his left leg, and it appears likely he received other injuries also.

*Petition.* Appellant filed a petition with the Commission in which, among other things, it was stated:

(a) Prior to the injuries he had no physical impairment except his mental condition.

(b) As a result of the injuries he has been totally incapacitated to do any work for which he is suited.

(c) He has incurred medical bills to the extent of $700 and will incur such bills in the future.

*Commission's Findings.* The following pertinent findings of fact were made: (a) Appellant suffered a compensable injury on April 20 and July 27, 1960 for which he has been paid (including medical bills) up to October 19, 1960; (b) Appellant suffered a compensable injury on October 19, 1960 when he was struck by a car, from which he was temporarily totally disabled until November 21, 1960 when he was released to return to work without permanent partial disability; (c) Appellant's absence from work since December 2, 1960 is not the result of his aforementioned injuries; (d) Appellant's coronary artery disease bears no causal relationship to said injuries—neither does his mental incompetency.

After a careful examination and consideration of the entire record, and being fully aware of the force and effect of the Commission's findings of fact, we have been forced to the conclusion that there is no substantial evidence to support finding (d) set out above. It is undisputed that appellant is (or was) unable to work. His inability to work must have been caused by something— either the injuries or his coronary and mental condition. So the Commission must have meant that appellant was unable to work because of his mental and coronary condition, or one of such conditions. The Commission then obviously denied compensation because it found there was no causal relationship between the (admitted) injuries and appellant's mental and coronary condition.

It is well established by our Court "that an injury which brings about an aggravation of a preexisting condition is compensable under our Workmen's Compensation Law". *Hamilton* v. *Kelley-Nelson Construction Co.*, 228 Ark. 612, 309 S. W. 2d 323.

In the first place, it does not appear clear to us that the Commission attempted to answer this vital question: Was appellant's mental and coronary condition aggravated by the injuries? If the Commission did mean to answer this question in the negative, then we think there is no substantial evidence to support such answer.

Dr. Robert T. Colbert, who apparently examined appellant more frequently than any other doctor, stated unequivocally several times that the accidents aggravated appellant's nervous condition and also his coronary disease. Dr. Joe Verser, who examined appellant on March 7, 1961, stated he was not able to work and that his mental condition was the principal reason why. He also stated that appellant's injuries could have aggravated his mental condition. The matter of aggravation was not mentioned one way or the other by Dr. Marcus J. Stewart, by Dr. R. C. Shanlever, or by Dr. Paul T. Drenning. Dr. Floyd A. Smith, Jr. may not have exactly agreed with the other doctors who said the injuries aggravated appellant's mental and coronary condition, but

we do not think his testimony amounts to a positive disagreement. Dr. Smith, who only examined appellant shortly after he was injured on October 19, 1960, in a letter dated March 8, 1961, made this statement:

"Assuming that this individual did have a myocardial infarction on Dec. 13, 1960, I can not possibly conceive how this could be precipitated from an injury of the left lower leg, and neither do I believe that this injury aggravated the pre-existing mental derangement."

It appears to us that Dr. Smith was not taking into consideration the same factors that were considered by the other doctors. To say that an injury to the left lower leg (on October 19, 1960) would not precipitate an infarction on December 13, 1960 is by no means the same thing as saying an injury to the back in April, another similar injury in July, and a severe injury in October would not aggravate a general nervous condition and a general coronary disease and hardening of the arteries.

Put another way, the real issue in this case is whether appellant would have been able to work longer if his injuries had not occurred. If he would have, then he is entitled to compensation under the principle announced in *Frank Lyon Company* v. *Scott,* 215 Ark. 274, 220 S. W. 2d 128; *Bell* v. *Batesville White Lime Company,* 217 Ark. 379, 230 S. W. 2d 643, and *French* v. *Jonesboro Public Schools,* 233 Ark. 879, 349 S. W. 2d 670. It is apparent the Commission did not consider appellant's claim from this standpoint.

In accord with the conclusions heretofore expressed, the judgment of the trial court is reversed, and the cause is remanded to the circuit court with directions to remand to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.